THOMAS McLENDON and wife and others, plaintiffs in error, vs. N. H. WOODWARD and others, defendants in error.

Heirs at law may, upon a special case made, as for instance upon a charge of collusion between the parties, institute suit over the head of the administrator, making him a party defendant in the case. It requires, however, a clear clase, to justify this interference with the due course of administration, by the trustee appointed by the testator, or by the Ordinary.

In Equity, from Butts county. Decision on demurrer, by Judge CABINESS, at July Adjourned Term, 1857.

This bill was filed by Thomas McLendon and wife, and others, heirs and distributees of Aaron Woodward, deceased, late of the county of Butts, against William J. Woodward, administrator of said deceased, and Newdigate H. Woodward,

Robert Woodward and Aaron Woodward, sons and heirs at law of intestate.

The bill states that the intestate departed this life possessed of a large estate both real and personal, consisting of lands, negroes, stock, corn, provisions, household and kitchen furniture, cash, bonds, notes, &c., amounting to about forty thousand dollars. That for about eight years prior to his death, said Aaron became, from extreme old age, weak and imbecile in mind and body, and totally unable to manage and control his business and estate, and that he was a fit subject and easy victim of imposition and fraud, and liable to be overreached and swindled by his children or others. That Newdigate H. Woodward influenced, by the most selfish and fraudulent motives, for many years before intestate's death, took possession of his entire estate, sold the crops, hired many of the negroes, and used and applied and converted the proceeds to his own use and benefit, and so continued to exercise said control, and gathered the growing crop, after intestate's death, and converted the same to his own use.

The bill charges that the administrator has failed to institute suit, or take any steps to recover the property and funds thus appropriated by Newdigate, and which legally belongs to the estate of his intestate, and which complainants pray he may be compelled to account for.

The bill further charges that the defendants, well knowing their father's weak and imbecile state of mind and body, and his incapacity to deal and contract in reference to his estate, combined and confederated together, to get into their possession, before his death, the greater and most valuable part of his estate; and thus deprive complainants of their equal share thereof upon the decease of their father, and did fraudulently cause and induce the intestate, a short time previous to his death, (10th January, 1851,) without consideration, to execute to them respectively, deeds of gift of a large portion of his negroes, which they took into their possession, and have

continued in the possession of the same, and now assert and claim an absolute right and title thereto as their individual property. The deed of gift to William J. Woodward is dated ———— ————, 1851, and he received and took possession of only two of the negroes mentioned and contained in his deed.

The bill further charges, that defendants living in the immediate vicinity of their father, stated to divers persons, in justification and explanation of their control and manage ment of his estate, that their father was not capable of taking care of and managing the same; and being thus in possession of his estate, defendants took, carried off and used and appropriated such negroes and other property belonging to him as they desired, and took and appropriated a considerable amount thereof to their own uses and purposes, and are now in the possession and enjoyment of the same.

The bill further states, that William J. Woodward, administrator as aforesaid, has instituted actions of trover against said Newdigate, Robert and Aaron for the recovery of the negroes mentioned in said pretended and fraudulent deeds of gift, but said actions are believed to be pretensive, and the administrator holding under a similar deed, is not a fit and proper person to be entrusted with the prosecution of these suits; and that he has failed and refused to file a bill in equity to set aside said deeds, and to bring said defendants to an account for other large and valuable portions of the property and estate of intestate in their hands.

The bill prays that said deeds of gift be declared void, and cancelled, and that the negroes therein pretended to be conveyed, and now in the possession of defendants be decreed to belong to the estate of said Aaron Woodward, deceased, and subject to distribution amongst all his heirs ; that said defendants account for all the money and property which they have received and taken from the intestate; and that the actions of trover be enjoined, and all controversies, claims and

matters in litigation, relating to the estate of intestate be adjudicated and settled in this Honorable Court.

To this bill defendants, Newdigate H., Robert and Aaron Woodward, demurred,

1st. Because no such definite and distinct act of combination and collusion between the administrator and these defendants is charged in complainants' bill, as entitles them to maintain it upon that ground.

2d. Because defendant, Aaron Woodward, cannot be compelled to answer out of the county of his residence, (Spalding.)

3d. Because complainants cannot bring defendants into a Court of Equity to contest the validity of the deeds of gift while suit is pending at law by the administrator, for the same thing.

4th. Because the administrator has full and complete remedy at law against the defendants.

There was an amendment to the bill, but of what nature does not appear from the bill of exceptions.

The Court, after argument, sustained the demurrer, and dismissed the bill as to the defendants demurring. To which decision counsel for complainants excepted.

DAVID J. BAILEY, and JOHN J. FLOYD, for plaintiffs in error.

DOYAL & NOLAN, and GIBSON, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

I rather regret not having followed the inclination of my mind, at the time, and dissented from the judgment of affirmance in this case, leaving the opinion of the Court to be written out by one of my brethren. But as the bill was retained in Court, by awarding to the complainants the right to amend, I acquiesced.

As a whole, it occurred to me, at the time, and does still, that there is equity in this bill. Whether it be charged with

sufficient definiteness and fullness, may be questioned. This is, in point of fact, a bill for account and distribution, filed by a portion of the heirs, against the rest, including the administrator, who is a son of the deceased, with the defendants, on account of his alleged complicity with them, in the conversion of the estate. It is set forth, that by reason of the imbecility of their common father, on account of his age, for some years before his death, one of the sons, Newdigate H., managed and appropriated his entire property to his own use—hiring the negroes, selling the crops, &c., &c. That all the sons, confederating together, procured deeds of gift to be executed to each, for certain negroes, which they took into their possession, and still hold. That the administrator, it is true, has instituted suits at law, to recover these slaves, but it is insinuated, rather than charged, that being himself in *pari delicto*, he will not prosecute these actions, vigorously and in good faith. And the bill states, that notwithstanding application has been made to him, to file a bill, for the purpose of having these sham and fraudulent titles cancelled, that he has failed and refused to do so.

Now we all agree, that an administration in the due course of execution—and especially where it is admitted, as in this case, that as to the assets, of which the intestate died seized and possessed, they have been faithfully managed—I say such an administration, should not be superseded or controll ed for slight causes. Otherwise, the Courts will be crowded with applications for that purpose, upon the most frivolous grounds. Still, if a special case be made, and perhaps the strongest that can be made, is collusion between the administrator and the parties sought to be made chargeable, a Court of Equity will undoubtedly interfere. Does this bill make such a case? Under the judgment of the.Court, the combination or common intent between the sons to defraud the other children and grand-children of old man Woodward, by fraudulently confederating to procure the deeds of gifts, to each, respectively, for certain of his slaves, should be more

distinctly alleged.   The acts or contrivances by which the donor was circumvented, might also be set forth with more particularity.   The value of the slaves at the time they were given; for perhaps this may involve the question of advance-ments in the distribution of the estate; and perhaps the bill might be amended with that alternative aspect, should the gift of the negroes be valid.   The community of purpose be-tween the administrator and the defendants in trover should be directly charged, and not left to be inferred from what is stated.  Is there any other fact, except his bare refusal to file a bill, which goes to convict the administrator of a want of good faith to the complainants in the prosecution of these actions? If so, let it be stated.   It does not appear from the bill, wheth-er the residue of the estate has been distributed, and the de-fendants received a full share, irrespective of these slaves. If it has not been divided, why may not the bill be framed with a double aspect?   If the rest of the estate has been dis-tributed, and the defendants have received a full share, with-out accounting for these negroes in controversy, are the com-plainants remediless, unless they can subject these slaves to distribution?   The case is suggestive of these and many other views which might be taken of the rights and remedies of those parties.   But I forbear.

Judgment affirmed, with leave to amend.