EDWARDS *et al.* *vs.* KILPATRICK, administrator, *et al.*

1. Bills in equity, except in cases of injunctions to stay pending proceedings, must be filed in the county of the residence of one of the defendants, against whom a substantial relief is prayed.

(*a.*) In cases of collusion between one holding land which equitably belongs to an estate and the administrator, on account of which the latter refuses to sue, heirs and creditors may sue in their own names; but this right of action exists in the same manner and to the same extent only as it does in the administrator. The refusal of the administrator will not suffice to change the venue.

2. Where one, for the purpose of defrauding creditors, entered into an agreement with another to have his property transferred to such other person, with an agreement that the latter should reconvey to him after litigation should have terminated and the amount paid

should be refunded, equity will not aid such debtor to recover the property; nor have his heirs any higher right, after his death, than he would have had in his lifetime.

April 24, 1883.

Equity. Jurisdiction. Administrators and Executors. Title. Fraud. Before Judge LAWSON. Jones Superior Court. October Term, 1882.

Reported in the decision.

R. V. HARDEMAN; LANIER & ANDERSON, for plaintiffs in error.

A. D. HAMMOND; BILLUPS & HARDEMAN; L. E. BLECKLEY, for defendants.

CRAWFORD, Justice.

This bill is filed by Annie M. Edwards, for herself and as the next friend of her minor child, Annie M. Johnson, against Wm. G. Kilpatrick as administrator of Wm. Johnson, deceased, of the county of Jones, and Wm. H. Head, of the county of Monroe. The complainant, Annie M. Edwards, was the wife, and Annie M. Johnson the child, of the deceased intestate. This bill is filed to recover certain lands which formerly belonged to the said Wm. Johnson, and which were sold under an execution against him in 1873, and bought by the defendant, Wm. H. Head.

The allegations in the bill which are necessary to consider in ruling the case are, substantially, that about the time of the sale of this land, there was pending in the superior court of Jones county a rule to foreclose a mortgage upon it, which the said Johnson, the mortgagor, was resisting. In view of this proceeding to foreclose the aforesaid mortgage, and of the fact that the said Johnson was embarrassed, and unable to raise the necessary funds to settle the *fi. fa.* which had been levied upon the land, and reposing special trust and confidence in the said Wm.

H. Head, who was his son-in-law, it was agreed between
them that the land should be sold at sheriff's sale, and that
the defendant, Head, should buy it in, and take titles
thereto to himself, in order to defeat a recovery upon the
mortgage then being foreclosed against the said land.
And it was further agreed between them, that pending the
said litigation and afterwards, the said Head was to have
and receive the rents, issues and profits arising from the
said land, until he should be reimbursed all amounts paid
out by reason of the said sale, as well as whatsoever he
might thereafter have to pay out, on account of any recov-
ery had by the foreclosure of the mortgage or otherwise.
That after receiving an amount from the said lands suffi-
cient to repay all the advances, with legal interest thereon,
then the said Head was to reconvey the said lands to the
said Johnson. That he has received from the said lands
largely more than sufficient to pay all the advances made
by him for the said Johnson. That the said Johnson died
in 1875, and the said Head has refused to account for the
same, and has taken charge of the said lands as against the
administrator and the rights of the complainant as to
dower, or any other interest she might have, or that the
daughter of the said Wm. Johnson might be entitled to in
the said land; not only refusing to reconvey, but asserting
title in himself, although he has paid out but a fractional
part of the value thereof. That he refuses to turn over
the said land to the administrator, that it may be admin-
istered as the property of the said Johnson, which is a
fraud, both upon the estate of the said Johnson and the
complainants. The prayer of the said complainants is,
that the said defendant, Head, be compelled to account
for all the rents, issues and profits arising out of the said
land, and to answer as to the amount paid out in and about
the several matters to which reference has been made;
that the sheriff's deed be delivered up for cancellation, and
the land revert and be vested in the estate of Johnson for
administration; that Kilpatrick, the administrator, be

authorized and required to administer the same, allowing the complainant her dower or child's part, and the balance to be administered for the benefit of the heirs and creditors.

There were amendments offered and allowed to the said' bill, but nothing material or necessary to be stated, in the view we take of the case, except that discovery was waived' and a general charge of collusion between the administrator and the said Wm. H. Head, and the refusal of the administrator, Kilpatrick, to sue.

To this bill the defendant, Head, filed a demurrer upon the grounds:

(1.) That there was no equity in the bill.

(2.) Because there was no substantial relief prayed against Wm. G. Kilpatrick, the administrator.

(3.) That Head resides in the county of Monroe, state of Georgia, and complainant has no right to maintain her bill against him in the county of Jones.

(4.) Because there is no adequate and sufficient consideration to support the contract or agreement set forth in said bill, and the same is illegal and without equity to support it.

After argument had on the demurrer, it was sustained by the court, and the bill dismissed. This judgment we hold to be correct, if not under the first, certainly upon the second, third and fourth grounds of the demurrer, and which may be considered under two heads.

1. The first, the want of jurisdiction over the defendant, Head, and the second, the illegality of the contract relied upon by the complainant for a decree in her favor. That all bills, except in cases of injunctions to stay pending proceedings, must be filed in the county of the residence of one of the defendants, against whom a substantial relief is prayed, is declared both by the constitution and the law. An examination of the bill in this case discloses no such substantial relief prayed against Kilpatrick, the administrator of Johnson, as to justify a change of venue as to Head, his co-defendant in the bill. 34 *Ga.*, 523.

v 70—22

It is shown that the title to the land in question was in Head two years before the death of the intestate, and that he was in the possession thereof, exercising all the acts of ownership over it.

But it is alleged that the estate of the said Wm. Johnson has the equitable right to the same, and that there is collusion between the administrator of Johnson and the defendant, Head, and that application has been made to him to sue, and that he has refused to institute proceedings for the recovery of this property. Upon such an allegation, it has been held by this court that the heirs and creditors are authorized to commence proceedings in their own names for that purpose. Whilst this right exists, it must, of course, exist in the same manner, and to the same extent only that it does in the administrator. If, then, he had brought suit against Head, his co-defendant, it must have been brought in the county of his residence, and there only.

The allegation in complainants' bill of the refusal of the administrator to sue is sufficient to authorize the suit to be brought by them, but not such as to authorize it to have been brought by them in the county of Jones.

2. We think that the allegation made in complainants' bill, touching the contract between the defendant, Head, and the intestate, is such a one as cannot be invoked in aid of any right which might have existed under it. These complainants can have no higher equity in this land than the deceased had, and if he were the complainant, we hardly think that it would be seriously contended that he could be heard to maintain such a cause in a court of equity.

It is clearly and distinctly alleged by the complainant, that the contract between the deceased intestate and the defendant, Head, was made to defeat a recovery upon the mortgage then being foreclosed against the said intestate, and on the very land sued for in this bill. This, then, being a part of the *mala fides* complained of against the

defendant, and the foundation of the complainants' equity, brings the case within the ruling of *Peacock vs. Terry*, 9 *Ga.*, 137. It was there held, that "A complainant who participates with the defendant in an act by the defendant which is in violation of the laws of the land, is not entitled to relief in a court of equity against the consequences of such act." And also within the decision of *Crosby vs. De-Graffenreid*, 19 *Ga.*, 290, in which the court said: "A., to defraud his creditors, transfers his property to B. and dies. His administrator files a bill against B. to get possession of the property, that he may, with it, pay the creditors: Held, that there is no equity in the bill."

If, as complainants allege, this contract was made to defeat a recovery upon the mortgage, by the intestate and the defendant, Head, neither he in his lifetime, nor his heirs, executors or administrators after his death, can be heard in a court of equity to set it aside.

We think that the judge committed no error, therefore, in sustaining the demurrer.

Judgment affirmed.