ROSS *et al.*, administrators, *v.* BATTLE *et al.*

1. Overruling a motion to dismiss as to minors a petition wherein they appear as plaintiffs' suing by a named next friend, the ground of the motion being that no guardian ad litem has been appointed, is not erroneous.

2. In an accounting between an administrator and the heirs of his intestate, he is not entitled to credit for sums expended by the sureties on his bond in settling debts of the estate, when it appears that the latter have been fully reimbursed by a conveyance to them of property not belonging to the estate, and under circumstances which will prevent them from asserting, either against the estate or the administrator, any claim based upon the fact that they had settled such debts.

3. Nor, in such an accounting, can an administrator lawfully charge against the heirs the costs or expenses of litigation brought about by his own fault or misconduct.

4. Where one who is a surety upon a debt due by the estate of a decedent, and also surety upon the bond of the administrator of that estate, after paying off the debt, waives all claim for reimbursement either from the estate or the administrator, the latter is not, in a settlement with the heirs, entitled to credit for the amount paid by such surety in satisfaction of that debt.

5. Exceptions to an auditor's report which are so general in their terms that they fail to plainly and distinctly point out wherein the auditor erred in any ruling or finding of which it is intended to complain are without legal merit.

6. It does not, in the present case, appear that the court erred in overruling the exceptions of the plaintiffs in error to the auditor's report, or in rendering the judgment excepted to in the bill of exceptions.

Argued May 6, — Decided July 17, 1901.

Exceptions to auditor's report. Before Judge Littlejohn. Schley superior court. July 16, 1900.

*J. A. Hixon, W. A. Dodson, C. R. McCrory,* and *E. B. Hart,* for plaintiffs in error. *J. H. Lumpkin,* contra.

LEWIS, J. While the record in this case is voluminous, and the facts somewhat complicated, the bill of exceptions really presents for our decision only those points which are dealt with in the headnotes. It appears that J. R. Battle Jr. died intestate in the year 1885, and that W. J. Ross and C. L. Ross were appointed administrators of his estate. His heirs were his widow, Edna L. Battle, and his children, R. E., Lottie, John A., and Randolph Battle. They brought in the superior court of Schley county an equitable petition against the administrators for an accounting and settlement. Three of the children, being minors, sued by their mother as next friend. The case was referred to W. M. Hawkes, Esq., as auditor, and in due time he filed his report. To this the plaintiffs

filed certain exceptions, both of law and fact. The former were overruled, and of this they did not complain, and they also withdrew their exceptions of fact. The defendants likewise filed exceptions of law and fact, all of which were overruled, and a judgment was entered in accordance with the auditor's report. The defendants sued out a bill of exceptions, complaining of the court's action in overruling their exceptions to the auditor's report and in entering judgment against them. We will now undertake to deal with the several questions thus presented for our consideration, and, in connection with each, set forth such facts as may be necessary to an understanding of our rulings in the case.

1. The first question for determination is whether or not the minor children of the estate were properly in court as plaintiffs. The point was made by the defendants below that the action could not as to these children proceed, for the reason that they appeared in the petition by their mother as next friend, and that no order had ever been passed appointing her their guardian ad litem. The auditor held (and his ruling on this point was confirmed by the superior court) that the action, so far as they were concerned, was properly proceeding. A formal order appointing a guardian ad litem was not requisite to give the minors a standing in court. The action, so far as related to the minors, was not void in the first instance, and, if defective at all, the defect was certainly cured by the action taken by the court in the premises. See, in this connection, Civil Code, §4947, and cases there cited.

2. From the evidence it appeared that there were several tracts of land belonging to the estate of the intestate, all of which were, at sales thereof by the administrators, bought by Mrs. Battle and duly conveyed to her. Subsequently she conveyed one of these tracts, known as the "Ross place," to the wife of W. J. Ross, one of the administrators. Later, several persons who were sureties on the bond of the administrators brought an equitable petition against them and Mrs. Battle and Mrs. Ross, alleging, in substance, waste and mismanagement by the administrators, and also that the sales of the lands to Mrs. Battle were made under a fraudulent and collusive arrangement to place the same beyond the reach of the creditors of the estate. The petition prayed for relief appropriate to such a state of facts as that disclosed by its allegations, which are briefly summarized above. While this litigation was pending, the parties

thereto agreed to a settlement, by the terms of which the "Ross place" was to be reconveyed to Mrs. Battle, who in turn was to convey the same to the sureties, and in consideration of her so doing, they were to pay off and settle the debts of the estate, amounting in the aggregate to about $4,000. This settlement was made the decree of the court in the case last mentioned, and its terms were actually carried into effect, the securities, however, compromising the debts at less than their face value. In this connection it is proper to state that the prices at which all the lands were bid off by Mrs. Battle were far below their actual value, and it will be observed that by the terms of the settlement and the decree she was enabled to hold all of these lands except the "Ross place." At the hearing before the auditor the defendants insisted that they were entitled to credits for the various items of indebtedness against the estate of their intestate which were settled by their sureties under the arrangement and the decree above mentioned. This contention the auditor overruled, and we think that he was clearly right in so doing. Had the "Ross place" been used as a part of the estate in settling this indebtedness, it is certain that the heirs could not hold the administrators liable for the money for which they sold this property, without at the same time allowing proper credit for the indebtedness discharged by the sureties in consideration of the conveyance of the "Ross place" to them. But that is not this case. When this property was used in the manner above stated, for clearing the estate of indebtedness, it was not used as the property of the estate, but as the property of Mrs. Battle. She, for reasons of her own, the nature of which has been hinted at, was willing to give up this property to accomplish the several ends the parties to the decree above mentioned had in view. So it turned out that the indebtedness was disposed of, not by a sale of the property of the estate, but by an arrangement satisfactory to the parties to the litigation set on foot by the sureties. It clearly appears that Mrs. Battle is making no claim against the sureties for having thus settled with her property the debts of the estate, and that they never can or will be held liable to any one for the amount of these debts. This being so, and the administrators not having used one dollar, either of their own money or of the funds of the estate, in settling the indebtedness, there is no principle, either of law or justice, which would entitle them, in an accounting with the

heirs, to any credit for the amounts paid by their sureties in settling this indebtedness in the manner stated. Of course, in the accounting which was taken by the auditor, between the administrators and Mrs. Battle as an heir of the intestate, she was properly given credit for her proportion of the price the "Ross place" brought when it was sold to her; and it is equally true that the auditor, in striking a balance between the administrators and Mrs. Battle, properly charged her with the full price for which she bid off the "Ross place" at the administrators' sale. A matter of prime importance, and one which must not be overlooked in this connection, is that in the present proceeding Mrs. Battle and the other plaintiffs are standing by the sales of the Ross place and all the other lands by the administrators to Mrs. Battle, and they are in no way seeking to set that sale aside or in any manner affect its results.

3. The administrators, at the hearing before the auditor, claimed that they were entitled to their counsel fees and costs incurred in the litigation to which reference has already been made. This claim was properly disallowed by the auditor. It is manifest from the evidence that the administrators were at fault in bringing about the state of affairs which led to the bringing of the equitable action against them and Mrs. Battle and Mrs. Ross. Having, by their conduct, thus confused the affairs of the estate so as to render necessary the suit referred to, it would be manifestly unjust to the heirs to in effect charge them with the expenses thus incurred. We think, therefore, that the exception to the auditor's report which complains of his ruling on this point was properly overruled by the superior court.

4. It appeared that a small debt of the estate was settled by one Cranford, who was surety thereon for the intestate, and who was also one of the sureties for the administrators. They claimed before the auditor that they should be allowed a credit for the amount thus paid. The auditor held otherwise, upon testimony affirmatively showing that when Cranford paid off this debt he did so intending to lose it, and that he had by his conduct and declarations waived making any claim on account of this payment against either the estate of Battle or these administrators. It follows that the refusal of the auditor to allow this credit, which was confirmed by the superior court, was right.

5. One exception to the auditor's report alleges in general terms that he erred in his method of calculating interest, but in this exception it is not pointed out in what the error consisted, or upon what plan the interest should have been calculated. The exceptions not specifically dealt with above were in the most loose and general terms, and did not specifically point out any particular error on the part of the auditor. Exceptions of this nature do not properly present questions for the superior court. See, in this connection, *Mason* v. *Commissioners*, 104 *Ga.* 35, and the cases cited on page 42.

6. After a thorough and careful examination of the entire record, we find no reason for holding that the court below committed any error in dealing with the exceptions to the report of the auditor, whose work was admirably and accurately done; nor in entering the judgment of which complaint is made.

*Judgment affirmed. All the Justices concurring.*