### ARMSTRONG *et al. v.* BOYD, administrator.

Counsel fees and expenses incurred by an administrator with the will annexed, in defending a proceeding by certain legatees to revoke his letters on the ground of mismanagement (which proceeding was voluntarily discontinued), are not chargeable against the legacies due the

legatees who instituted the proceeding, in a final settlement of the estate. Where such charges are proper they go against the general estate.

OCTOBER 14, 1913.

Appeal. Before Judge Sheppard. McIntosh superior court. May 27, 1912.

*Charles M. Tyson,* for plaintiffs in error.

*William H. Boyd* and *Peter W. Meldrim,* contra.

EVANS, P. J. Charlotte Pullen died testate, and W. H. Boyd was appointed her administrator with the will annexed. She bequeathed to four of her grandchildren certain special legacies in money. About three or four months after the appointment of the administrator, these legatees filed a suit to remove him on the ground that he was mismanaging the estate. Judgment was rendered in the ordinary's court removing the administrator, and an appeal was taken to the superior court. On the appeal it was agreed that the entire proceeding should be dismissed, and that the administrator should at once cite the legatees for a settlement and distribution. The proceeding to remove the administrator was accordingly dismissed, and he cited all the legatees for a settlement in the court of ordinary; and in connection therewith he filed a petition to the court of ordinary, asking that all the costs and expenses of the proceeding to remove him as administrator be charged against the legacies due the legatees who joined in that proceeding. The correctness and reasonableness of the expenses and attorney's fees incurred in that proceeding were not disputed; but the legatees resisted the petition, and claimed that such expenses and attorney's fees were not chargeable against their legacies. The petition of the administrator to be allowed such charges was refused by the ordinary, and on appeal to the superior court judgment was rendered in his favor against the legatees for these charges. Exception is taken to this judgment.

Our code declares that an administrator is authorized to provide competent legal counsel, according to the exigencies of the estate he represents. Civil Code (1910), § 4010. Does this authority extend to an allowance of counsel fees for services rendered to an administrator in a proceeding to revoke his letters of administration on the ground that he wastes or mismanages the estate? Unquestionably the purpose of supplying administrators with legal

advice is for the protection of the estate he represents. It is not to be presumed that every administrator is so versed in the law as to safely act in every contingency or exigency which may arise in the due administration of an estate. In order that the estate may not be frittered away in unnecessary litigation or its assets inadvertently diverted, provision is made for supplying the administrator with the advice of competent counsel. The object of providing counsel for an administrator is to guide him through problems and exigencies of the administration as he finds them, and not to extricate him from difficulties due to his own misconduct, at the expense of the heirs. If the conduct of the administrator brings about the situation that gives rise to a suit against him by an heir, he is not entitled to charge counsel fees to protect him in his own fault or misconduct. *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287). But where there is no actual misconduct in the administration, but only a charge of it, the administrator representing all the heirs should be allowed a reasonable amount to retain counsel in defending an unjust charge. In *Roberts* v. *Thomas,* 32 *Ga.* 31, it was held that when a complainant is justifiable for suing a trustee to recover or secure a trust fund in the hands of the defendant, the solicitor's fees of the trustee will not be allowed for resisting the bill. The rule is stated in *Lilly* v. *Griffin,* 71 *Ga.* 535, as follows: "While an administrator is authorized to provide competent legal counsel for the estate he represents, according to its exigencies, he can not charge the estate with fees of counsel retained to defend a suit brought against him to recover or to secure the trust fund, whenever it appears that the complainant is justifiable in bringing the suit." According to the doctrine of these cases, if the suit is not justifiable—and the test to determine that would seem to be the result of the issue in favor of the administrator—the administrator should be allowed the money expended by him in the employment of counsel to defend the suit brought against him. The petition to remove the executor was voluntarily abandoned by the moving legatees. We therefore can not consider that such a suit was meritorious, although its discontinuance was the result of consent.

But while an administrator is entitled to an allowance of counsel fees in defending an unsuccessful and unjustifiable suit brought against him by an heir charging a devastavit, this allowance is to

be paid out of the general estate, and not out of the particular estate of the complaining legatee. As was said by McCay, J., in *Moses* v. *Moses, 50 Ga.* 9, 33: "It was a simple question of account —a charge of devastavit,—and there is no more propriety in charging the plaintiffs with the counsel fees of the defendant than in any other suit in which the plaintiff fails. It would, we think, be a bad policy to put such an hindrance in the way of heirs or legatees seeking their rights, that they shall pay for counsel to aid the executor in resisting their charge of a devastavit."

We know of no statute or rule of law which charges an heir with the expenses of litigation of the administration solely because he may fail in the suit; and we think that the court erred in so holding.            *Judgment reversed. All the Justices concur.*