### BRANTLEY-GROOVER HARDWARE COMPANY *et al. v.* IVEY.

HILL, J. A fi. fa. issued upon a judgment in a justice's court in August, 1913, was levied upon property of a defendant in September, 1913, and sold by the sheriff on October 7, 1913. In July, 1914, the defendant in fi. fa. instituted an equitable suit to cancel the sheriff's deed, on the ground that the defendant had not been served. The constable who made the return of service upon the defendant in the justice's court was made a party defendant, and his return of service traversed by appropriate allegations in the petition. It was alleged that the traverse was made immediately upon the defendant's learning the fact that the return of service had been made. *Held:*

1. The traverse was in time, and it was not erroneous to allow the defendant in fi. fa. to testify, in connection with her other evidence, as to the time she learned of the existence of the return of the officer, and that she was not served. *Parker* v. *Rosenheim,* 97 *Ga.* 769 (2), 770 (25 S. E. 763); *Albritton* v. *Tygart,* 134 *Ga.* 485 (68 S. E. 79); *So. Ry. Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761).

2. Where a creditor holding an unliquidated account amounting to more than $100 voluntarily writes off a part thereof without the knowledge or consent of the debtor, for the purpose of reducing the amount so as to bring it within the jurisdiction of the justice's court, the defendant may object to the want of jurisdiction. *Jennings* v. *Stripling,* 127 *Ga.* 778 (56 S. E. 1026), and citations. But if, though properly served, he neglects to do so and judgment is rendered against him, from which there is no appeal or other exception taken, the judgment is not void as between the parties. *McDonald* v. *Tison,* 94 *Ga.* 549 (20 S. E. 427); *Johnson* v. *Klassett,* 9 *Ga. App.* 733 (72 S. E. 174); *Willingham* v. *Buckeye Cotton Oil Co.,* 13 *Ga. App.* 253 (3, 4), 254 (79 S. E. 496).

(a) Accordingly, though conflicting, the evidence being sufficient to authorize a finding in favor of the return of service by the officer, it was erroneous, under the pleadings and evidence in the case, to charge the jury that "a creditor can not bring his claim for any liquidated demand within the jurisdiction of a justice court by entering a credit thereon, without the consent of the debtor. . . An account, where the amount is fixed, stated or certain, is a liquidated demand and can not be reduced, written off, or credited by the holder for the purpose of giving justice-court jurisdiction, without the consent of the debtor. Therefore, a judgment based upon a suit in a justice court, where an account sued on has been reduced or written off by the plaintiff without the consent of the

defendant, is void, and a sheriff's deed made by virtue of a sale under such judgment is also void and conveys no title."

(b) The case differs from *Hamilton* v. *Rogers*, 126 *Ga.* 27 (3) (54 S. E. 926, and similar cases, where the principal amount which was recovered in the judgment exceeded the amount of the justice-court jurisdiction, and the judgment was held to be void.

3. Other grounds of the motion for new trial did not show error, nor are they of such character as to require elaboration.     As the judgment denying a new trial will be reversed, no ruling will be made as to the sufficiency of the evidence to support the verdict.

*Judgment reversed.     All the Justices concur.*
No. 1187.     JULY 17, 1919.

Equitable petition.     Before Judge Summerall.     Ware superior court.     September 5, 1918.

*A. B. Spence, J. L. Crawley,* and *Wilson & Bennett,* for plaintiffs in error.     *Parker & Parker,* contra.