KIMBALL *et al. v.* CASEY *et al.,* guardians, *et al.*

No. 7269.   December 11, 1929.   Rehearing denied January 20, 1930.

632

*John J. Strickland* and *Wolver M. Smith,* for plaintiffs in error.
*Erwin, Erwin & Nix, L. C. Rucker, R. B. Russell Jr., R. L. Russell, G. D. Ross, J. D. Quillian, J. C. Pratt,* and *W. H. Quarterman,* contra.

HINES, J. (After stating the foregoing facts.)

■ "An administrator is authorized to provide for the estate competent legal counsel, according to the exigencies of the estate he represents." Civil Code (1910), § 4010. In exercising this power an administrator should use the same care as a prudent man would exercise in employing competent legal counsel in a matter in which he is personally concerned. *Lawton* v. *Fish,* 51 *Ga.* 647, 651. Contracts between attorneys and client, wherein it is stipu-

lated that each of the attorneys is to receive a certain per cent. of the amount collected, for services rendered in collecting the claim, the same not being champertous, are valid and binding upon both client and attorneys. *Moses* v. *Bagley,* 55 *Ga.* 283; *Twiggs* v. *Chambers,* 56 *Ga.* 279, 282. Under the section of the code and the decisions cited, the administrator in this case was authorized to employ attorneys to collect the insurance upon the life of the intestate, and to stipulate that the attorneys should receive a contingent fee of a certain per cent. of the recovery for their services, provided the administrator used the same care as a prudent man would exercise in employing such attorneys in such matter if the same had been one in which the administrator was personally concerned. Where the administrator had employed one attorney to collect such insurance and had stipulated that such attorney should receive a contingent fee consisting of 25 per cent. of the recovery, such employment would not preclude the administrator from afterwards employing another attorney to aid the attorney first employed in collecting such insurance, if the administrator in the employment of the second attorney exercised the same care as a prudent man would exercise in employing such additional attorney if he were employing him in such matter and if the same had been one personal to himself. The employment of the first attorney upon a contingent fee did not preclude the administrator from employing the second attorney upon a like fee, if in the employment of the latter the administrator exercised the above degree of care. In such circumstances the estate represented by the administrator would be liable to the payment of the fees of both attorneys. Contracts by an administrator, employing counsel for the estate he represents, need not be sanctioned or approved by the ordinary before they become valid and binding, when made under the circumstances hereinbefore stated.

■ The controversy in this case, as made and urged by counsel for the parties therein, is made to depend solely upon the question whether a fraud was perpetrated upon the ordinary in procuring his order approving the settlement of the case brought by the administrator for the recovery of insurance on the life of the intestate, and in approving the payment of 50 per cent. of the recovery to the attorneys of the administrator for services rendered in procuring such settlement and collecting the full single in-

demnity on the life of the intestate, together with interest thereon. The guardians of the minor children of the intestate in their intervention make the following allegations: The administrator employed attorney R. H. Kimball to recover the proceeds of the insurance policies on the life of the intestate, and for his services agreed to pay him a maximum fee of 25 per cent. of the recovery, which fee was earned. They attach as an exhibit to their intervention the written contract between the administrator and said attorney, which shows that he was to receive the above compensation for services rendered in collecting said insurance. Kimball associated with him attorney John B. Gamble, said association having been made by Kimball without any liability for fees on the part of said administrator. The attorneys collected on the insurance $13,480.55; and paid over to the administrator $6,740.22 of the amount collected. A petition by the administrator was filed with the ordinary of Barrow County, in which the administrator alleged that it had contracted and agreed to pay said attorneys fifty per cent. of the amount recovered, for their fees for services rendered in recovering said sum; and an order was taken thereon authorizing the payment of said 50 per cent., which said attorneys received. At the time the petition on which said order was granted was presented to the ordinary, neither the administrator nor said attorneys brought to his attention that a contract for fees in the amount of 25 per cent. had been entered into by the parties. The ordinary did not know of the existence of said contract at the time said order was passed.

The order passed by the ordinary recites that the president of the administrator bank appeared before the court in person and confirmed the statement of facts therein, and that he was well satisfied with the results obtained in the litigation. Thereupon the ordinary passed the order approving said settlement and the payment of 50 per cent. of the recovery to the attorneys for their services. In their intervention the intervenors do not deny any of the facts stated in the petition, or any of the facts recited in the order of the ordinary based thereon.

Do the facts alleged show that any fraud was perpetrated upon the ordinary to induce him to sign the order approving the settlement of the insurance case, and the payment of 50 per cent. of the recovery to the attorneys for the administrator? The pleading of

the intervenors must be taken most strongly against them. In the absence of any traverse of the facts set out in the petition of the administrator, and of the facts recited in the order of the ordinary, these facts must be construed in connection with the facts alleged in the intervention. So construed, we do not think that they show that any fraud was perpetrated by the administrator or its attorneys in obtaining said order of settlement. On demurrer, the allegations of the intervention of the guardians, that the administrator employed Kimball to recover the amount of the insurance policies on the life of the intestate, that the administrator agreed to pay him a maximum fee of 25 per cent. of the amount recovered, which fee was earned by Kimball, and that Kimball associated with him attorney Gamble, without any liabilities for fees on the part of the administrator, must be taken to be true. The intervenors attached to their intervention and as a part thereof the petition to the ordinary for said order and the order itself. This petition alleges, among other things, that the administrator contracted and agreed to pay to these two attorneys 50 per cent. of the amount recovered as their fee for recovering the same; and in the order of the ordinary it was recited that the president of the administrator bank appeared in court and confirmed the foregoing statement of facts. In the absence of traverse or denial, these facts must be taken to be true. Taking the allegations of the intervention most strongly against the pleader, when fairly construed, they amount to a statement that the administrator employed Kimball to recover this insurance upon a maximum contingent fee of 25 per cent. of the recovery, that Kimball associated Gamble with him in the prosecution of the suit, without any agreement that the administrator was to pay Gamble any fee, and that afterwards the administrator contracted with Gamble to represent it in the case under a contract by which Gamble was to receive a contingent fee of 25 per cent. of the amount recovered upon the insurance policies.

So construing the intervention of the guardians, does it show any fraud practiced upon the ordinary, which induced him to grant this order? The fraud of which the guardians complain is that neither the administrator nor its attorneys called to the attention of the ordinary the contract by which Kimball was employed. Conceding the truth of this allegation, which we must do upon demurrer or upon objections urged by the attorneys against being

made parties to the case under said intervention, does this fact show that a fraud was perpetrated upon the ordinary which would render this order void? We think it does not. The administrator in its petition alleged that it had contracted with these attorneys, whether jointly or singly is not stated, and stipulated to pay them 50 per cent. of the recovery. The administrator appeared before the ordinary and stated that this was true. Necessarily the administrator must have made separate contracts with the two attorneys. This being so, the mere failure of the administrator or his attorneys, in applying for this order, to state that the administrator had first made a contract with Kimball as sole attorney for the recovery of this insurance and under which Kimball was to be paid a maximum contingent fee of 25 per cent. of the recovery, was not such a fraud as would invalidate this order. This being so, the intervention did not make out a case, and these attorneys should not have been made parties over their objection.

■ Whether the order of the ordinary in this matter would be conclusive on the parties is not now for decision. If the administrator by contract employed Mr. Gamble to represent this case in connection with Mr. Kimball, who was first employed, and such contract was made by the administrator with due care, then such contract would be binding, with or without the order of the ordinary. In the second place, this order, in the absence of traverse or denial of the facts set out in the petition under which it was granted, or of the recital of facts in the order, should be taken to be prima facie true; and not being void for the alleged fraud, it would be binding upon the parties.

■ So we are of the opinion that the trial judge erred in making these attorneys parties to said intervention and this suit; and for this reason it is unnecessary to pass upon any of the other questions or assignments of error arising upon the subsequent trial, raised by the record and discussed by counsel.

*Judgment reversed. All the Justices concur, except Russell. C. J., disqualified.*