## 20535. SMITH v. ATLANTA MUTUAL INSURANCE COMPANY

STEPHENS, J. 1. Where an insured in a life-insurance policy, in a suit against the insurer to recover for an alleged breach of the contract, alleges his damage as being in the amount of the premiums which have been paid on the policy, the amount of the damage is fixed and certain, and constitutes a liquidated demand which, in a suit in a justice's court, the insured can not, without the consent of the insurer, reduce in order to bring the case within the monetary jurisdiction of the justice's court. Jennings v. Stripling, 127 Ga. 778 (56 S. E. 1026); Brantley-Groover Co. v. Ivey, 149 Ga. 263 (2 a) (99 S. E. 855); Edwards v. Edwards, 163 Ga. 825 (1, 2) (137 S. E. 244).

2. In a case pending in the superior court on appeal from a judgment of a justice of the peace, the defendant may plead any defense, including a plea to the jurisdiction of the justice's court, which he could have pleaded in that court, irrespective of whether upon the trial of the case therein this defense was pleaded.

3. Upon the trial in the superior court of a case appealed thereto by the defendant in the justice's court from a judgment for the plaintiff, although the judgment was in an amount within the jurisdiction of the justice's court, where it appeared from evidence on the trial in the superior court that the plaintiff's claim of damages was in an amount fixed and certain, and therefore liquidated, and in an amount in excess of the jurisdiction of the justice's court, the judge of the superior court

did not err in refusing to permit the plaintiff to amend by reducing his claim for damages to a sum within the jurisdiction of the justice's court, and did not err, as against the plaintiff, in sustaining a motion of the defendant to dismiss the case for want of jurisdiction.

4. Although the jurisdiction of the justice's court is fixed by the constitution of this State, a determination by the judge of the superior court as to whether a particular case is within the jurisdiction of the justice's court is not a determination of a question which involves a "construction of the constitution" of this State, in the sense of that provision of the constitution of this State, as amended in the year 1916 (Ga. L. 1916, p. 19), which confers jurisdiction upon the Supreme Court alone "for the trial and correction of errors of law . . in all cases that involve the construction of the constitution of the State of Georgia." The Court of Appeals, and not the Supreme Court, has jurisdiction to review this case, and the motion of the plaintiff in error to transfer this case to the Supreme Court, on the ground that the Court of Appeals has no jurisdiction, is denied.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 15, 1930.

*Cruger Westbrook,* for plaintiff.
*George L. Sabados,* for defendant.