HARRISON, administrator *v.* HOLSENBECK *et al.*

No. 17602. SUBMITTED SEPTEMBER 12, 1951—DECIDED OCTOBER 10, 1951.

*Quillian, Quillian & Thomas*, for plaintiff.

*G. A. Johns and Marvin D. Pierce Jr.*, for defendants.

DUCKWORTH, Chief Justice. Certain settled rules of law, constituting the basis upon which a decision here must be reached, will be first set forth in this opinion. Limitation statutes run against estates, but when estates are unrepresented, such statutes are tolled between the death of a person and the appointment of a representative or between representations for a period of five years provided representation is taken within that period of time. Code, § 3-803. This exception has no application here, since the petition shows that there was

representation shortly after the death of the intestate, which continued for more than ten years. "Statutes of limitation are considered as beneficial and resting on principles of a sound public policy, and as not to be evaded except by the methods provided therein; indeed, they are now termed statutes of repose, and are regarded as essential to the security of all men. . . And courts can not engraft on such statutes exceptions not contained therein, however inequitable the enforcement of the statute, without such exceptions, may be." *Bank of Jonesboro* v. *Carnes,* 187 *Ga.* 795, 798 (2 S. E. 2d, 495, 130 A. L. R. 1). Another applicable rule of law is that, where an administrator is insolvent, unwilling to collect assets, or is in collusion with others to defraud the estate and refuses to sue, the heirs may sue in their own name and make the administrator a party defendant. See *Gilbert* v. *Thomas,* 3 *Ga.* 575; *Worthy* v. *Johnson,* 8 *Ga.* 236, 239 (52 Am. D. 399); *McLendon* v. *Woodward,* 25 *Ga.* 252; *Edwards* v. *Kilpatrick,* 70 *Ga.* 328; *Anderson* v. *Goodwin,* 125 *Ga.* 663 (54 S. E. 679); *Strickland* v. *Fender,* 142 *Ga.* 132 (82 S. E. 561); *Purvis* v. *Askew,* 148 *Ga.* 79 (95 S. E. 964); *Burkhalter* v. *Peoples Bank,* 175 *Ga.* 744 (165 S. E. 749); *Bowman* v. *Bowman,* 206 *Ga.* 262, 265 (56 S. E. 2d, 497). This is an exception to or modification of the general rule that heirs may sue only if there is no administrator or if the administrator assents thereto as provided in Code § 113-907. It is also a settled rule of law that a suit to cancel a deed upon the ground that it was secured by fraud must be brought within seven years from the time the fraud is discovered. *Hadaway* v. *Hadaway,* 192 *Ga.* 265 (14 S. E. 2d, 874); *Stephens* v. *Walker,* 193 *Ga.* 330 (18 S. E. 2d, 537); *Jones* v. *Johnson,* 203 *Ga.* 282 (46 S. E. 2d, 484).

Beyond question, the amended petition shows that this estate was represented from 1936 to 1947, and that throughout that period no action was taken to cancel the deeds here under attack. The allegations of the petition show that the administratrix against whom this suit is brought would undoubtedly have refused to bring such action against herself, even if permitted to do so under the law, hence it plainly appears that, under the rule above stated, the heirs could have brought a suit in equity to obtain the relief now sought. But

counsel for the plaintiff in error make the contention that, since the defendant's title originated in fraud, no lapse of time will give her title by prescription, citing in support of this contention *Cowart* v. *Young,* 74 *Ga.* 694; *Dasher* v. *Ellis,* 102 *Ga.* 830 (30 S. E. 544). We quite agree with the contention of counsel that good faith being a prerequisite to acquiring title by prescription under color as provided in Code § 85-407, one holding possession under color of title, which he knows was fraudulently procured, can not acquire prescriptive title regardless of the period of time such possession is held. But, in testing the amended petition and the challenge thereto made by the demurrer, we are concerned not so much with the defendant's title, but instead with the right of the plaintiff to maintain the action. In *Cade* v. *Burton,* 35 *Ga.* 281, this court clearly held that an action to cancel a fraudulent deed must be brought within seven years from the discovery of the fraud, and so far as we have found this court has adhered to that rule in all of its decisions including those above cited on this question. This rule requiring action upon the part of the defrauded party is in complete accord with the rule of equity that requires diligence of one seeking equitable relief. *Sutton* v. *Dye,* 60 *Ga.* 449; *Johnson* v. *Sears,* 199 *Ga.* 432 (34 S. E. 2d, 541); *Slade* v. *Barber,* 200 *Ga.* 405 (37 S. E. 2d, 143); *Hadden* v. *Thompson,* 202 *Ga.* 74 (42 S. E. 2d, 125). The amended petition here alleges that it is brought for the purpose of recovering and distributing to the heirs all properties there sought. Empowered by law to institute proceedings in equity to secure that relief, the heirs remained inactive in so far as the exercise of this power was concerned, although the representative failed to do so, throughout the period of more than ten years in which Mrs. Holsenbeck held the position of administratrix of this estate. They were charged with knowledge of the law requiring action within seven years from the discovery of the fraud. Having thus allowed seven years to elapse, they now seek through the second administrator to secure that relief in equity despite the rule requiring such proceedings to be brought within seven years.

While the record of the proceedings to oust the administratrix and the judgment of ouster therein might not reflect favorably

upon this defendant, and hence equity would not wish to reward her for any wrong of her own, our decision, with the rule upon which it is based, in nowise confirms her title nor sanctions her conduct. It adheres to the established principle of equity which denies relief to those who, by their negligence, failed to act for their own protection within the time required by law. We are not overlooking the fact that the present action is brought by an administrator and not by the heirs, but the principle is the same. The seven-year period in which an action to cancel because of fraud must be brought ran against the estate represented by an administratrix, hence the action brought by him is barred, as held by the trial judge, in the same manner that an action brought by the heirs would be barred. In view of the allegation that the grantor, at the time of the execution of the deeds involved, was mentally incapable of making the deeds due to her mental capacity and remained so until her death, no limitation would run during her lifetime; but, as ruled above, the lapse of time subsequent to her death while her estate was represented was more than enough time to bar this action.

In so far as the petition seeking to recover money belonging to the intestate and obtained from her by the defendants is concerned, that claim was barred after the lapse of four years from the appointment of the administratrix. Code, § 3-1003. But counsel for the plaintiff in error, relying upon the language found in the opinion of this court in *Thompson* v. *Thompson*, 77 *Ga.* 692 (3 S. E. 261), insist that no statute of limitation would run in favor of Mrs. Holsenbeck as administratrix in so far as these funds are concerned. Whether or not that contention is sound does not concern us here, since this action is not brought against Mrs. Holsenbeck as administratrix as provided in Code § 113-2204. This plaintiff is entitled, under the Code section just cited, to demand an accounting from his predecessor and, under Code § 113-1510, she would be liable for any claims which she failed to collect until they were barred by the statutes of limitation. We do not have in this case any suit against Mrs. Holsenbeck as administratrix, and our decision relates to her individually, which is the capacity in which she is being sued. For the reasons above stated, the petition shows

on its face that it is barred, and the court did not err in dismissing the same on demurrer.

*Judgment affirmed. All the Justices concur.*