35162. ESTES, Administrator, *et al. v.* COLLUM *et al.*

DECIDED OCTOBER 25, 1954—REHEARING DENIED NOVEMBER 26, 1954.

*Charles C. King, Sr., Kay Tipton, Newell Edenfield,* for plaintiffs in error.

*C. R. Vaughn, Jr., E. R. Lambert,* contra.

QUILLIAN, J. ■ ■ The demurrers to the petition, the attack upon the jurisdiction of the court of ordinary, and the various grounds of the motion for new trial deal in substance with a

single issue—whether a plaintiff heir, who has recovered and brought into the estate certain funds representing land held by the administrators adversely to it, may in a direct action, obtain an order of the ordinary having jurisdiction of the estate, granting reasonable attorney fees to her for the use of the lawyers prosecuting the actions which resulted in bringing the fund into the estate. Special grounds 5, 6, and 7 of the amended motion for new trial also assign various errors going to the point that, in any event, the plaintiff could not recover attorney fees for her lawyers on a quantum meruit basis, when the testimony shows that she had an express contract with them for a sum certain, and the testimony fails to show the amount of the contract price which she paid to them. These questions will be discussed together: first, as to the right of the plaintiff, and the jurisdiction of the court of ordinary, to grant attorney fees out of the estate under these conditions; and, second, as to the effect on this proceeding of the express contract between the plaintiff and her attorneys.

If this case were in strict parlance an equity case there would be no room for disagreement that counsel fees might properly be awarded to beneficiaries of the estate who, by their efforts, brought into the estate the fund of $29,000 which the estate would not otherwise have obtained, and which would be held as an asset of the estate for distribution among all the heirs. *Ewing v. First National Bank of Atlanta,* 209 *Ga.* 932 (76 S. E. 2d 791). The contention is, however, that, since the court of ordinary is not a court of equity, it has no jurisdiction to make such distribution of the fund brought in.

The court of ordinary, under Code § 24-1901, has "original, exclusive and general jurisdiction of the following subject matters: . . . (4) The sale and disposition of the property belonging to, and the distribution of, deceased persons' estates. . . (10) All such other matters and things as appertain or relate to estates of deceased persons. . ." Although not a court of equity, it was held as early as *Greer v. Burnam,* 69 *Ga.* 734, and as late as *McDowell v. McDowell,* 194 *Ga.* 88 (20 S. E. 2d 602) that a court of ordinary "has some equitable powers" and "may apply equitable principles" in making settlements and accounting for the assets of estates. In the present case, the

application for attorney fees for bringing the fund into court (not exclusively for the plaintiff's use, but in which she, as well as the defendant administrator and others shared) was properly before the ordinary, he having original jurisdiction in the matter. The question of allowing the counsel fees comprises a part of the distribution and disposition of the assets of a deceased person's estate. In such settlement and distribution the court of ordinary has some equitable powers. It is acknowledgedly equitable that, where one person goes to expense to bring in a fund for a common benefit, it is only fair and right that those who benefit thereby should pay their pro rata part of the expenses of obtaining the fund for distribution.

Code § 113-1512, which provides that, "if the administrator . . . shall decline to place any claim in suit, he may nevertheless assign the same to a distributee or creditor, who may at his own expense prosecute the same, the proceeds if recovered, *after paying expenses,* to be distributed by the administrator," is the only provision in the case which authorizes anyone other than the administrator to provide the services therein mentioned and to bind the estate for expenses incurred in so doing. It is also the only Code section which authorizes the heirs to sue at all if there is an administrator, except Code § 113-907 where they may sue in their own name if he assents thereto. A literal application of these Code sections would lead to the inevitable conclusion that the heirs would under no circumstances be allowed to sue in their own name where there was an administrator unless he consented thereto. But the Supreme Court has broadened the meaning of Code § 113-1512 to include a situation where the administrator refuses, and especially where this refusal is fraudulent or collusive (*Harrison* v. *Holsenbeck,* 208 *Ga.* 410 (1), 67 S. E. 2d 311; *Edwards* v. *Kilpatrick,* 70 *Ga.* 328 (1)); and in such a situation "this right of action [in the heir] exists in the same manner and to the same extent only as it does in the administrator." If it exists in the same manner and to the same extent, then it should be given the same effect.

An estate is primarily liable for the expenses incurred in its administration. One of the expenses of administration is the necessary legal expense of bringing a fund into the estate for distribution, under the supervision of the court. Ordinarily this

expense is borne by the estate at the instance of the administrator, for whom counsel is supplied and the fees charged back as a legitimate expense. But "the purpose of supplying executors with legal advice is for the protection of the estate he represents. The object is not to extricate him from difficulties due to his fault or misconduct." *Clements* v. *Fletcher*, 161 *Ga.* 21, 50 (129 S. E. 846) ; *Armstrong* v. *Boyd*, 140 *Ga.* 710 (79 S. E. 780) ; *Ross* v. *Battle*, 113 *Ga.* 742 (39 S. E. 287). And an administrator will not be allowed attorney fees out of the estate for the purpose of protecting him from his misdeeds in relation to it. The record here reveals that the deed to the administrator was set aside and that it was fraudulently obtained. Accordingly, the administrator could not collect attorney fees from the estate for opposing the equitable petition to set aside the deeds, his action being hostile to the interests of the estate.

The object of paying attorney fees of administrators and executors is to protect the estate. Where, however, the administrator is the wrongdoer, the heir who brings the action against him is performing a duty of an administrator in protecting the estate, and is placed in the administrator's shoes, and the right of action exists in him in the same manner and to the same extent as though he were the administrator. Under specific statutory authority, an heir who sued out a claim of the estate on assignment of the same to him by the administrator is entitled to recover his expenses out of the fund brought in; and without specific statutory authority an heir may sue, although the administrator does not assign the claim, or consent to the suit, if the action of the administrator is fraudulent, collusive, and unjustifiable. Why may not such heir—who has done the exact thing provided for in Code § 113-1512, except that he has been unable to obtain the consent or assignment of the administrator, (which, under Supreme Court decisions, does not preclude his action)—not also realize expenses out of the fund brought in, the ordinary having awarded the same in the exercise of his general jurisdiction over the disposition and distribution of the property of the estate? To hold otherwise would be to destroy the tenor and purpose of the Code section as it has been construed by the Supreme Court.

■ Since it follows from what has been said above that the

ordinary had jurisdiction to consider the matter of awarding fees for the use of the attorneys whose successful prosecution of the plaintiff's action brought the fund into the estate, and that such fees were to be awarded out of the assets of the estate—it is obvious that the estate would be liable for *reasonable* attorney fees only, and would not be liable for fees in any stated sum simply because the plaintiff, in her individual capacity, had hired the attorneys and entered into a private agreement with them as to what they would be paid. Attorney fees for counsel "according to the needs of the estate," are authorized as a legitimate expense of administration under Code § 113-1522. A contract of an administrator with attorneys to represent the estate, if made with due care, is binding upon the estate with or without an order of the ordinary. *Kimball* v. *Casey,* 169 *Ga.* 631 (3) (151 S. E. 372). The plaintiff here, however, made no such contract, her contract with the attorneys being made in her individual capacity. She now seeks to have the fee, on a quantum meruit basis, paid out of the estate, and we think that the estate, having been the beneficiary of these services, should pay their reasonable worth. Since no authorized representative of the estate entered into any contract on its behalf which would be binding upon it, and an order of the ordinary allowing such fees would be necessary, the ordinary properly allowed reasonable fees without regard to any contract between the plaintiff individually and the attorneys; and the jury on appeal, having the same jurisdiction as the ordinary, properly allowed fees on the same basis. And since the plaintiff sues for the use of her attorneys, what sums, if any, she has already paid them in her individual capacity, has no bearing on the issue involved here.

■ There was sufficient evidence upon which the jury might fix an amount certain as attorney fees, since there was evidence establishnig the value of the property and the amount of work done to bring about the recovery.

■ Ground 8 complains of the charge of the court, reading as follows: "I charge you, gentlemen of the jury, that if you were to believe from the evidence under the instructions given you by the court that the plaintiff in this case and the defendants at or after the death of their father, that the defendants had deeds to this property which the plaintiff claimed belonged to the estate

■

and they refused to turn over these deeds or declare them void, and you believe that it was necessary that the plaintiff employ counsel and proceed with litigation in order to declare the deeds void, and you further believe that they were declared void and that the money derived from her efforts was turned into the estate, then I charge you that you would have a right under the law to award her such sum of money as you believe would be fair pay or compensation as counsel fees."

The first complaint of this ground is that there was no evidence showing a refusal of the defendants to turn over the deeds or to declare them void, but that, on the contrary, the evidence affirmatively showed that no demand was ever made upon them by the plaintiffs or by any other persons that the deeds be turned over by them to the administrator, or that the defendants in the instant case were among the defendants in the former suit. The record completely disclosed who the defendants were in that suit and the jury could not have been confused or misled by the charge complained of in this special ground of the amended motion for a new trial.

The case was considered by the whole court pursuant to the provisions of Ga. Laws 1945, p. 232.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. ■ Code § 113-1522 authorizes an administrator to provide an estate with necessary competent legal services. I know of no provision of law which authorizes anyone else to provide such services and bind an estate other than Code § 113-1512. There was no assignment to the heirs in this case. If there is a legal representative, the right to recover realty is in him. If there is none, the heirs have a right to sue, but must do so in their own names and not acting in the name and place of a representative. Code § 113-901. Again, if the legal representative consents, heirs may sue for realty in their own right. Code § 113-907. The two Code sections provide statutory authority for heirs to sue for real estate but only in their own names and right. The Supreme Court has declared an exception to the statutory rule, which is that heirs may sue in their own names where an administrator is insolvent, unwilling to collect assets, or is in collusion with others to defraud the

estate and refuses to sue. *Harrison* v. *Holsenbeck*, 208 *Ga.* 410, and cases cited. We note in some of the cases cited in the *Harrison* case that the language is to the effect that the heirs may sue to protect their interests, which we construe to mean that an action in such cases is an individual action and not one brought in the place and stead of an administrator. It therefore follows that, since the administrator did not employ counsel to set aside the deeds, and the actions were not instituted by authority of law in the place and stead of an administrator so as to give rise to a promise to pay, either express by the heirs suing, or implied by law from the heirs suing in the place of the administrator, on the above two last-named theories the petition for fees did not set out a cause of action. In *Edwards* v. *Kilpatrick*, supra, cited by the majority, the expression used by the court, to the effect that the right of action in the heirs exists in the same manner and to the same extent only as it does in the administrator, does not mean that such an action by the heirs is not an action by them individually to protect their own interests. This statement from the *Edwards* case refers in that case only to the question of venue. In *Harrison* v. *Holsenbeck*, supra, it was held that such an action as this one is an exception to Code § 113-907. If it were an exception to Code § 113-1512, as the majority holds, I would be inclined to agree with them on this phase of the case.

■ The petition did not set out a cause of action for fees under the theory that the action was by some of a class on behalf of the whole of the class and for the benefit of all, and under the theory that a fund or property belonging to all was recovered for the benefit of the class, because not all of the heirs would have benefited from the action brought. See 142 A. L. R. 1459, and 79 A. L. R. 521, for the general rule in administration of estates. It would seem that, if it was an equitable class action, the attorneys' fees would have had to be awarded by the court wherein the actions were filed. *Georgia Veneer &c. Co.* v. *Florida National Bank*, 198 *Ga.* 591 (3) (32 S. E. 2d 465). Since the actions filed by the plaintiff were not class actions, the only way in which the plaintiff could have compelled the defendants therein to pay any of her attorneys' fees would have been to have charged the defendants with bad faith and recover the

196

judgment for fees in those actions. I think that the general demurrer to the action for fees should have been sustained. I am also of the opinion that the plaintiff was not entitled to recover the amount awarded. Even if it can be said that the plaintiff had authority to employ counsel for the estate and pay them a reasonable fee, whatever contract she made which was reasonable inured to the benefit of the estate. The plaintiff is not entitled to any sum for her personal use. She can only recover such sums as she needs to discharge her liability for fees. She has paid her attorneys and the most she can recover, if she is entitled to at all, is the amount she has paid out, if it is reasonable. She cannot either recover a larger sum than a reasonable sum she has paid and put it in her pocket or repay herself what she has expended and make her attorneys a present of the excess over what she herself has paid. She has settled with the attorneys in full and, if the amount is reasonable, the law will require her to pay no more, and any promise on her part to pay more is nudum pactum. Since the plaintiff failed to prove and the evidence fails to disclose that she had paid her attorneys fees amounting to $2,500, a verdict for that amount was not authorized.