38917. CROMER *et al.*, Administrators v. CHAMBERS.

DECIDED JULY 7, 1961—REHEARING DENIED JULY 19, 1961.

*Sheats, Parker & Webb, Paul Webb, Jr., John Tye Ferguson,* for plaintiffs in error.

*William H. Whaley,* contra.

JORDAN, Judge. The question here presented is whether or not the court of ordinary had jurisdiction to pass the order, during the pendency of the estate, awarding attorney's fees to the petitioner over objection of the administrators.

An administrator is authorized to provide for the estate competent legal counsel. *Code* § 113-1522. Such counsel fees are legitimate expenses of the estate according to the particular facts and circumstances of each case. *Whitehurst v. Singletary,* 77 Ga. App. 811 (2) (50 SE2d 80). In employing counsel, an administrator should use the same care as a prudent man would exercise in employing competent legal counsel in a matter in which he is personally concerned. *Lawton v. Fish,* 51 Ga. 647, 651. Such contracts of employment, when made under such circumstances, need not be sanctioned or approved by the or-

dinary before they become valid and binding. *Kimball v. Casey,* 169 Ga. 631, 637 (151 SE 372).

In the instant case, the employment of the attorney by the administrators constitutes a legal obligation of the estate. Since no stated sum was agreed upon for the value of his services to the estate, there exists a dispute between the attorney, as a creditor of the estate, and the administrators as to whether or not an additional amount might be due to him. "Neither the ordinary nor the court of ordinary has jurisdiction to decide an issue as to whether or not one is or is not indebted to an estate, in a proceeding between the representative of the estate and an alleged creditor. [Citing cases]. Such jurisdiction is of statutory origin, and has not been conferred by statute in this State." *Fulford v. Sweat & Gaskins,* 65 Ga. App. 521, 522 (16 SE2d 102).

While courts of ordinary are vested with original, exclusive and general jurisdiction of "all such other matters and things as appertain or relate to estates of deceased persons" (*Code* § 24-1901), we are of the opinion that this does not confer the authority to assess and award attorney's fees to an attorney representing an estate. This is a matter in which the administrator, acting as a prudent man, is authorized to make a reasonable contract, depending upon the facts and circumstances in each case, without supervision or approval by the ordinary. In the event a dispute arises out of such contract, the attorney would have the same legal recourse as with any other client where the value of his services is at issue. The authority of the ordinary to award extra compensation to an administrator for extraordinary services is expressly granted by statute. *Code* § 113-2008.

The decision of this court in *Estes v. Collum,* 91 Ga. App. 186 (85 SE2d 561), is not authority for the general proposition that the court of ordinary has jurisdiction to assess and award attorney's fees to an attorney representing an estate. That case involved the right of the plaintiff, an heir of the estate, who had, by litigation, increased the assets of the estate to recover her expenses, including reasonable attorney's fees, from the estate. Under such circumstances the court held that the application for attorney's fees was properly before the ordinary, stating: "It is

acknowledgedly equitable that, where one person goes to expense to bring in a fund for a common benefit, it is only fair and right that those who benefit thereby should pay their pro rata part of the expenses of obtaining the fund for distribution." *Estes v. Collum*, supra, p. 191. No such facts or circumstances are involved in the instant case.

The question directly in issue here has not been squarely passed upon by the courts of this State. Courts of other States, in passing upon the question, have reached divergent conclusions. We feel that for this court to hold that the power to assess and award attorney's fees for representing an estate is now vested in the courts of ordinary of this State would be to invade the province of the legislature.

There is no merit to the plaintiff's contention that the defendants, after proceeding with the hearing before the court of ordinary and filing an appeal to the superior court, could not attack the jurisdiction of the court of ordinary by filing the instant motion to dismiss the petition in the superior court. An appeal from the court of ordinary to the superior court is a de novo proceeding. *Code* § 6-501. Any defense or attack upon the jurisdiction which could have been made in the court of ordinary can be made in the superior court on appeal. As was held in *Smith v. Atlanta Mutual Ins. Co.*, 42 Ga. App. 254 (2) (155 SE 535): "In a case pending in the superior court on appeal from a judgment of a justice of the peace, the defendant may plead any defense, including a plea to the jurisdiction of the justice's court, which he could have pleaded in that court, irrespective of whether upon the trial of the case therein this defense was pleaded."

Accordingly, the court erred in overruling the motion to dismiss the plaintiff's petition.

*Judgment reversed. Townsend, P. J., and Frankum, J., concur.*