## GLISSON *vs.* CARTER.

Glisson applied for letters of administration on the estate of Wm. H. Carter. Joseph H. Carter resisted the application ; the ordinary decided in favor of Glisson ; Carter appealed, and pending the suit, died. The second term after his death—nothing having been done in the case in the meantime—Glisson moved for certain orders in the case, which motion was refused. To that refusal Glisson excepted, and made it the ground of a writ of error.
*Held,* That the writ of error ought to be dismissed.

Caveat to grant of administration, in Randolph and Quitman Superior Courts. Decisions by Judge KIDDOO.

Glisson vs. Carter.

The facts of this case, as presented in the bill of exceptions, are about as follows:

John Glisson applied to the Court of Ordinary of Randolph county for letters of administration on the estate of William H. Carter, deceased. Joseph H. Carter filed his caveat to this application. The Ordinary granted the letters and Carter appealed. Pending the appeal, Carter, the caveator, died, and upon the case being called at May Term, 1859, counsel for Glisson moved to dismiss the appeal for want of parties, the case having been on the appeal two terms since the caveator's death and no motion made or steps taken to have parties; and also moved to pass an order directing the ordinary to issue letters of administration to Glission. The court refused both motions, on the ground that the county of Quitman, which had been created pending the appeal, embraced that part of Randolph county in which the intestate resided at the time of his death, and that Glisson also resided in the county of Quitman; and counsel for Glisson excepted.

The court, however, ordered the case to be transferred to the Superior Court of Quitman county, and counsel for Glisson, at the May Term, 1859, of Quitman Superior Court, again moved to dismiss the appeal, and that the ordinary of Randolph county be directed to issue letters of administration to him (Glisson). The court sustained the motion to dismiss, but refused to give direction to the ordinary, and counsel for Glisson excepted.

Counsel then moved the court to pass an order directing the ordinary of Quitman county to issue the letters, which the court refused, and counsel excepted.

DOUGLASS & DOUGLASS, for plaintiff in error.

HOOD, ROBINSON, contra.

*By the Court.*—BENNING, J., delivering the opinion.

Joseph H. Carter, the appellant from the Court of Or-
dinary, having died pending the appeal in the Superior
Court, and no person having been made a party in his
place, the first question is, whether the case is properly
before this court.

We think that the death of Carter, the appellant, had
the effect to abate the suit; or, the effect to suspend it
until a new party was made; or, until the proper effort to
obtain a new party had proved unavailing.

If the death of Carter had the effect to abate the suit,
it carried the suit out of the court below and there re-
mained in that court, no case to be brought to this court.
On this hypothesis, then, it is clear that the case is not
properly before this court.

If the effect of Carter's death was to suspend the suit
until a new party was made, then, it is equally clear that
the case is not properly before this court, for no new
party was made; and the case was, therefore, in a state
of suspension when it was brought into this court, and a
case in that state is in a state that does not admit of its
being brought to this court.

If the effect of Carter's death was to suspend the case
until the proper effort to obtain a new party had proved
unavailing, then, still the case is not properly before this
court; for no effort at all had been made to obtain a new
party.   On the hypothesis of a suspension of the suit, the
person or persons entitled to be made parties in Carter's
place were all such persons as had an interest in the es-
tate on which Glisson was seeking to become administra-
tor,—the estate of William H. Carter.   These were, the
creditors of William; his next of kin; and the legal
representatives of Joseph; for although Joseph's right to
claim the administration, for himself, died with him, yet
not so did his right to dispute the claim of Glisson to the

administration; if Glisson was not a proper person to have the administration, it was the right of the legal representatives of Joseph to show it, and to insist that the administration should not be granted to him, but to some person who was a proper person to have it.    The creditors and the next of kin of William would have had the right to intervene in the suit, even if Joseph had not died.    His death, then, could not affect this right of theirs.    No effort had been used to make any of these persons a party. It does not appear that even the death of Joseph had been suggested on the record; or, that any *scire facias* had been served on his legal representative ; or, that an order had been taken that unless the persons in interest came forward by a named time and caused themselves to be named parties, Glisson would be allowed to proceed *ex parte* with the case.    We think that it was necessary that some, or all, of these three things should have been done before Glisson could move in the case.    If these had been done, and if they had proved insufficient to get a party in Joseph's place, then, doubtless, it would have been in order for Glisson to move in the case.    But, even then, what would have been his proper motion ?    To dismiss the appeal ? or, to have the appeal regularly tried ?    We rather think the latter.    The appeal having been regular, did it not obliterate the judgment appealed from, and put Glisson in the condition of needing a new judgment by a new tribunal ?    Be this as it may, we think that Glisson was not in order to proceed in any way with the case, until the steps indicated for getting a new party had been taken.    These steps not having been taken, the case was not in a condition to be brought to this court.

Another thing must be mentioned.    The case is an *ex parte* case.    Can any *ex parte* case be brought to this court?    If so, how is it to be done ?    There is no one on whom to serve the bill of exceptions.

All things considered, we think that this case ought to be dismissed, as a case not properly before this court.

Case dismissed.