GEORGE H. LESTER *et al.*, administrators, *et al.*, plaintiffs in error, *vs.* JAMES D. MATHEWS, defendant in error.

1. A temporary administrator cannot bind the estate by a contract to pay fees to resist the setting up of a will on an issue of *devisavit vel non*. His business is to collect and to take care of the effects of the deceased until *permanent* letters are granted, either letters testamentary or of administration, as that issue may determine; he has no authority to involve the estate by employing counsel for or against the will.

2. Nor can a permanent administrator ratify such a contract made by the temporary administrator and the children of the deceased, so as to bind

the estate, either by payment of part of the fees or otherwise; nor can he make the illegal contract of the temporary administrator a valuable consideration to support his promise to pay by coupling with it future services to the estate. He may employ counsel according to the exigencies of the estate : Code, section 2543; but such an employment must be distinct from the assumption of illegal contracts made by his temporary predecessor.

3. The words "expenses of administration" in the statute, Code, section 2533, do not include counsel fees against a will on an issue of *devisavit vel non*, nor do they, of themselves, in a verdict or consent decree, include such fees; nor can the consent verdict or decree be amended on a common law declaration to recover the fees. It must be done by regular proceeding in equity or at law for that purpose, with proper parties and pleadings: *30 Georgia Reports, 191.*

4. If the administrators reside in the county giving the court jurisdiction, and all the other defendants in other counties, and there be no cause of action against the administrators, the court will not have jurisdiction of the non-residents of the county, though a good cause of action exists and is alleged against them. The suit will be dismissed as to all, the non-residents having the right to be sued in the counties of their own residence, or that of some of them, if the contract be joint.

Administrators and executors. Contracts. Ratification. Fees. Jurisdiction. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1876.

Reported in the opinion.

COBB, ERWIN & COBB, for plaintiffs in error.

JOHN C. REED; SAMUEL LUMPKIN, for defendant.

JACKSON, Judge.

This case was a demurrer to a declaration filed by Mathews against the administrators and heirs-at-law of the estate of Dupree, for fees alleged to be due plaintiff on account of services rendered the estate. The declaration alleged that the plaintiff, in the year 1870, was employed by the children of Dupree, on an issue of *devisavit vel non*, as counsel for said children against the will, and was further employed by Hunnicutt and Lester, temporary adminstrators, with the consent of the children, as counsel for the estate; that by his contract with them he was to receive a retainer of $2,000 00 and five

per cent. upon the value of the estate saved to the children if the will was set aside; that he rendered the services, which were worth $10,000 00; that the will was set aside by a consent verdict after much litigation in the superior and supreme courts; that by the verdict $164,000 00 was saved to the children, and they and the administrators agreed to allow plaintiff $10,000 00 in full of all services, provided plaintiff would continue to represent the estate in all business in Oglethorpe and Clarke counties; that he has represented them, and stands ready to do so in said business, which is litigious and important; a bill of particulars setting forth the account and balance due is annexed, amounting to $3,707 00, and it is alleged that this amount is due by Hunnicutt and Lester, now the permanent administrators, to the plaintiff. Plaintiff further alleges that the consent verdict, which is appended to the declaration, and which sets out the fees to be paid to propounder's counsel "after expenses of administration," meant, by the expression "expenses of administration," the fee of plaintiff and his associates, and that the fees of his associates and much of his own were paid by said administrators under the verdict, and so receipted for, with the consent of all parties, and that all are thereby estopped from denying that the balance of his claim is payable under the verdict as "expenses of administration;" and adds a prayer that if the consent verdict does not include the fee under the term "expenses, etc.," that it be corrected and made to express it.

There are amendments to the declaration claiming a larger amount, and alleging that on the promise of the administrators and children or their legal representatives, to pay him as expenses of administration, he discharged his duty as counsel, and the administrators are bound to pay him on the faith of that promise, and because his services are reasonably worth the sum claimed. The declaration shows that all the children or heirs sued reside out of Oglethorpe county.

To this declaration the defendants demur, on the ground that no legal cause of action is set out against the administrators, and that the other defendants, the heirs, reside in

counties other than Oglethorpe, and the superior court of that county has no jurisdiction in this case over them. The court overruled the demurrer, the defendants excepted and assign for error the overruling the demurrer.

The declaration strikes us as novel in character and form. It joins at common law the administrators and some of the heirs of an estate, and seeks to recover from the administrator, on a joint promise made by certain children, heirs-at-law of an estate, and certain temporary administrators. It fortifies the claim by setting out a consent verdict and judgment or decree which provided for the payment of a totally different class of fees after "expenses of administration" shall have been paid, and alleges that "expenses of administration," mean in law a fee to resist, by the heirs-at-law, the setting up of a will, and if the words do not bear that signification in law, it asserts that the parties to the consent verdict so meant, and makes the the singular prayer in a declaration to recover money at common law, that the verdict and judgment be so amended as to make expenses of administration mean fees to counsel employed by heirs-at-law to set aside a will. It seems to us rather a novel proceeding even under the very liberal and loose practice pursued in the courts of our state.

Analyzing the proceeding as well as we can, and searching for the foundation on which it is based, the questions seem to us to be these: 1st. Can a temporary administrator make a contract in connection with a part of the heirs-at-law, or all of them, with counsel to resist the probate of a will so as to bind the estate and compel the permanent administrator to pay the fee agreed upon ? 2d. If the permanent administrator pay other fees similarly bargained for and part of those agreed to be paid to the plaintiff, does such payment ratify the contract made by the heirs and the temporary administrator, so as to bind the estate, and compel the payment of the part unpaid ? 3d. Do the words "expenses of administration" mean fees to resist the probate of a will as part of those expenses, and if they do not mean that, can the mistake be corrected in a suit at common law to recover the fee? 4th. Can the heirs

at law who employed counsel to resist the will, be sued in the county of the residence of one of the administrators, or must they be sued on their contract in the county of their own residence?

1. In respect to the first question, it seems to us the provisions of the Code settle it. The temporary administrator is appointed " for the purpose of collecting and taking care of the effects of the deceased, to continue and have effect until permanent letters are granted :" Code, section 2487. Of course he may employ counsel, if necessary, to collect the effects, and so to take care of them, to keep them from strangers. Hence he may file an affidavit of illegality—39 *Georgia Reports*, 565—to keep the effects from passing out of his hands, to prevent their sale, to take care of them until the regular administrator be appointed ; but nobody is trying to take away the estate on a *devisavit vel non* from his custody. The sole question then is, shall the estate be administered by the will or by the statute of distribution ; shall the man to whom the temporary administrator is to turn over the estate, after his temporary preservation of it is over, be an executor or a permanent administrator? Neither the one nor the other is intermeddling with him in any duty the statute assigns to him, and his business in respect to their controversy is to hold the stakes and not take sides. Section 2489 of the Code is stronger still, if possible. It seems to have been passed to meet such a case as this. Pending an issue of *devisavit vel non*, that section says temporary letters may be granted unless the will has been proven in common form. Granted, for what purpose? To fight the will? To contract to pay large fees to overthrow the will? Hardly, we think ; but simply to collect and preserve the property until it is settled by law under what rules that property shall be administered. We think, therefore, that the temporary administrator could not legally make a contract for fees to bind the estate in the case at bar.

2. The second question is, did these administrators ratify this contract of themselves as temporary administrators and

these children by paying part of the fees and other fees of like character? If the contract was illegal when made, and did not then bind the estate, we cannot see how permanent administrators could ratify it if they had expressly done so. It is true that they could have employed counsel, according to the exigencies of the estate: Code, section 2543; but we look in vain for their authority to ratify a contract made by the heirs, and make their debt an estate debt, and make it rank, too, ahead of all debts, even judgments, by making it payable as expenses of administration. The policy of the law, for the benefit especially of children, is to hold administrators strictly to the duties defined by law, and not to allow them to make or ratify contracts not for the benefit of the entire estate, not for the proper administration of the same for the benefit of creditors and heirs, but for the benefit of certain heirs interested in the estate and engaged with others interested in a contest over a will of the testator. But there is no express ratification or assumption of the debt alleged after the administrators were clothed with the permanent trust. It is implied from their conduct in paying similar debts and a part of this debt, and the doctrine of estoppel is invoked. It is said, because the administrators have paid a part, they are estopped from denying their liability to pay all. The doctrine of estoppel is not favored by the courts, and its application here would extend it further than reason will allow us to go. We do not see how the plaintiff has been injured by others having been paid or by his having his own fee paid in part. He is in no worse condition than he was before, but is bettered to the extent that he has been paid. It may be said that the contract is supported by the fact that the plaintiff agrees to perform future services in Clarke and Oglethorpe counties, but the price for these services is not fixed separately from the general claim, and we could not separate it, therefore, and hold the writ good for that amount against the administrators, if the law would authorize that part to be sustained. But really the heirs can have nothing to do with that. That is exclusively the business of the administrators, and we cannot

see what concern they can have with it so as to be sued therefor out of the counties of their residence.

3, 4. But it is claimed that this debt is due as expenses of administration, and that this suit is brought upon the consent verdict to ascertain the amount of this fee as part of such expenses, and to compel the administrators to pay it as such. We do not think such a fee embraced in the meaning of those words. It is there said the parties so meant the words to be understood, and it is asked that to support this declaration the consent verdict or decree be amended so as to embrace fees. This cannot be done in this proceeding. It was done on a motion for a new trial in *Lucas vs. Lucas*, 30 *Georgia Reports*, 191, but in the same case it is said that except in case of such a motion the verdict or judgment or decree can only be rectified by bill. Inasmuch as now a party is never forced into equity when he can have equity relief granted at law, we think it might be rectified on a proper case made between proper parties, with distinct pleadings either in equity or at law; but in a suit at law to recover the money, to mix up such equitable relief with the parties now in court in this case, would be an anomaly indeed ; in the language of the chief justice, in another case, it would be a legal hermaphrodite. It is clear that if there be no right of action against these administrators, there is nothing to hold the heirs, who live in other counties, in court. In the view we take of the case, we are constrained to sustain the demurrer and to reverse the judgment.

Judgment reversed.