PHARR *et al. v.* McDONALD *et al.*

No. 10532. JULY 10, 1935.

*O. N. Pharr* and *H. E. Edwards,* for plaintiffs in error.

*A. M. Kelly, Clifford Pratt,* and *Roberts & Roberts,* contra.

BECK, Presiding Justice. On the call of the case of Mrs. Effie McDonald, individually and as temporary administratrix of the estate of Leslie G. McDonald, deceased, against Eula P. McDonald et al., the·same being an action of complaint and a suit in equity, and after plaintiff and defendants announced ready for trial, and after a jury had been stricken and empaneled to try the case, and after an order striking one of the parties defendant, and before any evidence was introduced by either party, O. N. Pharr and H. E. Edwards presented to the court their equitable petition praying that they be allowed to intervene in the proceeding as parties plaintiff, alleging that they had represented Mrs. Effie McDonald with reference to a fund which had been impounded by the court in the case at the instance of Mrs. Effie McDonald, and that by reason of having represented her they had a prior lien upon the funds in the

amount of their fees as attorneys, under a written contract made with her prior to the filing of the petition in the present case. They prayed that they be allowed to plead instanter and to support their intervention with proper proof. The court passed an order allowing them to become parties plaintiff, and ordered the intervention filed as their pleadings in the case; and it was duly filed on May 21, 1934. The suit then proceeded, and all parties, including the plaintiffs, the defendants, and the intervenors, introduced evidence to support their respective contentions. At the conclusion of the evidence the judge announced that there appeared to be no issue of fact to be passed on by the jury under the pleadings and the evidence of the intervenors and other parties, concerning the rights of intervenors, but that it was purely a question of law to be passed upon by the court as to whether or not intervenors had a lien upon the funds then in custody of the court; and that he would pass upon this question and render a judgment and decree as to the rights of intervenors after the jury had returned a verdict as to the issue made between the plaintiffs and the defendants. The case was submitted to the jury, who returned a verdict in favor of the defendants. Mrs. Effie McDonald, the plaintiff, filed a motion for a new trial. The judge stated that he would not render a judgment with reference to the rights of intervenors (that is, their right to a lien upon the funds referred to) until the motion for a new trial was decided. Subsequently the judge entered a decree disposing of the whole case, and embodied in this decree a judgment that intervenors had no lien upon the fund for attorney's fees, and no right to any portion of the fund in the custody of the court. To this judgment the intervenors excepted on the ground that the court should have adjudged that they had a prior lien upon the fund "at least as against the plaintiff and the defendants in the case."

In the petition filed by the intervenors it is alleged that on September 9, 1932, they were employed by Mrs. Effie McDonald to represent her and act as her attorneys at law in certain litigation pending in the court of ordinary of Gwinnett County; that she represented to them that she was the widow of Leslie G. McDonald, deceased, late of Gwinnett County; that she had been appointed temporary administratrix of his estate and had qualified as such, and by virtue of her appointment as temporary administratrix she

had received $8410 as insurance on the life of her deceased husband, of which amount there remained on deposit in the Brand Banking Company of Lawrenceville approximately $5000 after she had drawn and spent the other portion thereof; that the deceased left no child surviving, and she was his sole heir; that Eula P. McDonald (one of the defendants in the suit) was the brother or half brother of Leslie G., and he was claiming that she was not the lawful wife of Leslie G., for certain reasons stated, and was claiming that he and other parties to the suit were entitled to administer the estate and were entitled to the insurance fund obtained by her as temporary administratrix, claiming that he (Eula) had been selected by the brothers and sisters of Leslie G. McDonald to be administrator, and that he had made application to be appointed permanent administrator. Petitioners alleged that they were retained by Mrs. Effie McDonald to represent her as attorneys at law in the litigation, and that she made with them a contract by the terms of which they were to receive as compensation ten per cent. of the total amount of insurance paid over to her; that they did represent her in the court of ordinary, and performed certain specified services; that they prepared an answer to the proceeding to remove her as temporary administratrix; that when the application of Eula McDonald to be made permanent administrator of the estate of Leslie G. McDonald came on for hearing, Mrs. Effie McDonald prevailed in the case, and the ordinary, after consideration, rendered a decision holding that Mrs. Effie McDonald was the widow and sole heir at law of Leslie G. McDonald, and she was appointed permanent administratrix. The case was appealed to the superior court of Gwinnett County; and the judge of that court, after hearing evidence, rendered an opinion to the effect that Effie McDonald was the lawful wife of Leslie G. McDonald, that she was his sole heir at law and entitled to be appointed permanent administratrix of his estate, and by order of the court she was so appointed. It was further alleged: "On or about the 17th day of April, 1933, the said defendants, who claimed to be next of kin and named in the original petition, and the said Mrs. Effie McDonald entered into some kind of settlement between themselves, and by virtue of such agreement undertook to dissipate and disburse and remove all of said insurance funds from said Brand Banking Company by the issuance of checks drawn by the said

Mrs. Effie McDonald; that checks amounting to approximately $2000 were issued to those claiming to be next of kin, which were not paid at the time the others were, amounting to $2000. Petitioners further show that a day or so later the said Mrs. Effie Mc-Donald, realizing what she had done, employed counsel and filed the present equitable petition, repudiating her contract made with said Eula McDonald and the others named in said petition claiming to be next of kin, and secured an injunction, enjoining said Brand Banking Company from paying out any more funds, resulting in the stoppage of approximately $3000 from being paid out on said checks." They alleged further that when the present equitable petition was filed an order was passed impounding the $3000 to remain in the custody of the bank until the further order of the court; that Eula McDonald and those represented by him had knowledge of the services rendered by petitioners in the ordinary's court, but attempted to settle the case with Mrs. Effie Mc-Donald to the exclusion of petitioners as attorneys at law for Mrs. Effie McDonald, with the view of depriving petitioners as such attorneys from collecting their fees out of the funds upon which they had a lien; that this was a fraud upon petitioners' rights in the premises, as they had complied with their contract of employment and were entitled to a verdict and judgment for the amount claimed, and it was necessary for them to intervene in this case to have their rights adjudicated.

The court held that the intervenors had no lien upon the funds in question, and to this judgment they excepted.

It was error for the court to dismiss the intervention. The intervenors had a lien upon at least a part of the funds in question. As to what part, that should have been determined as an issue of fact by a jury, or by the judge if all questions of law and fact were submitted to him. The order by the court was that the intervention be denied, and that "said fund now in the hands of the custodian, having been returned by the defendants [that is, the defendants in the equitable suit] under the previous order of this court, is not subject to the lien of said attorneys, O. N. Pharr and H. E. Edwards." It will be seen from the foregoing statement that there was a controversy between Mrs. Effie McDonald and the parties defendant as to who was entitled to the funds that had been paid to the temporary administratrix of Leslie G. McDonald. Mrs.

Effie McDonald claimed that she was the wife and sole heir of Leslie G. McDonald, and was entitled to the entire amount. On the other hand, Eula McDonald, who contested Effie McDonald's right to be appointed administratrix of Leslie G., insisted and contended, in the proceedings filed by him, that Mrs. Effie McDonald was not the wife and was not entitled to be appointed administratrix of the estate in question, and was not entitled to any of the funds. As is shown by the record, these plaintiffs, attorneys at law, represented Mrs. Effie McDonald in the case in the court of ordinary, and finally had established, by an adjudication by the court of ordinary, that she did have the right to permanent letters of administration; and she received as temporary administratrix $8410, the proceeds of war insurance. Eula McDonald and other defendants contested her right to any part of this fund, but it was decided by the court of ordinary, and, upon appeal, by the judge of the superior court to whom all questions of law and fact were submitted, that she was the wife of Leslie G. McDonald. The result of the proceedings in court and the settlement which was effected gave Mrs. Effie McDonald a large part of the insurance. And if she be the sole heir of Leslie G. McDonald, she was entitled to all the amount that she secured, less the indebtedness of the estate, some $200 or $300. It has been held that a temporary administrator can not bind the estate to pay fees to resist setting up a will on issues devisavit vel non; that his business is to collect and take care of the effects of the estate of the deceased until permanent letters are granted, but he has no authority to involve the estate by employing counsel for or against the will. Nor could the permanent administrator ratify such a contract made by the temporary administrator and the children, so as to bind the estate. *Lesler* v. *Mathews,* 56 *Ga.* 655. But even if it were held that the rule laid down there was applicable to a contract between a temporary administratrix, acting as such, and attorneys employed to represent her, under the circumstances appearing in this case, nevertheless these attorneys would be entitled to a lien upon the part of the fund secured for her, because they were employed by her, not merely as temporary administratrix, but as an individual. This is alleged. Whether or not she was the wife and sole heir must be established by evidence and the verdict of a jury, if that fact is contested. And what part of the funds she secured must

782

also be determined. But under the petition of intervenors, which is not demurred to, it could not be held that they are not entitled to a lien upon any part of the funds in controversy. In *Payton* v. *Wheeler,* 13 *Ga. App.* 326 (supra), it was said: "Under the provisions of section 3364 of the Code of 1910, attorneys at law have a lien 'upon suits, judgments, and decrees for money, .. . superior to all liens but tax liens; and no person shall be at liberty to satisfy a suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied.'" In *Georgia Railway & Electric Co.* v. *Crosby,* 12 *Ga. App.* 750 (supra), the rule was stated in the following language: "After suit has been filed upon a cause of action, the suit and cause of action must be treated as one, and there can be no substantial separation; and although the cause of action may be settled before the suit has been filed, after the filing of the suit no person, whether party litigant or third person, can settle the suit or the cause of action so as to defeat the lien of the attorney for his fees; and the attorney, notwithstanding any settlement of the cause of action, has the right to prosecute the suit, in the name of his client, for the recovery of his fees." While these cases are not identical, the principles stated are applicable; and under those principles, which apply § 9-613 of the Code of 1933, the court should not have dismissed the intervention of plaintiffs in error.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent.*