32133. WHITEHURST, guardian, *v.* SINGLETARY, ordinary.

812

DECIDED OCTOBER 22, 1948.

814

*A. J. Whitehurst*, for plaintiff.

SUTTON, C. J. (After stating the foregoing facts.) ■ This action was ex parte in the court of ordinary. On appeal to the superior court, the ordinary was named as appellee, although this was neither proper nor necessary, for, as ordinary, he could not be affected in any way by the outcome of the litigation. On exception to this court the ordinary was named as the defendant in error and served with the bill of exceptions, but he made no appearance in this court, and will not be affected by the judgment of this court, and therefore cannot be considered either as a proper or necessary party. The proceeding was ex parte from the beginning and still is. Under the provisions of Code § 6-201, the guardian had the right to appeal the decision of the court of ordinary to the superior court, and by the provisions of the Constitution (article 6, section 2, paragraph 8; Code, Ann., § 2-3708), one of the functions of the Court of Appeals is for the trial and correction of errors of law from the superior courts. Code § 6-916 provides: "If the proceedings in the court below shall be ex parte, and there is no opposite party, notice to no one is necessary." This rule of law with reference to bills of exceptions first appeared in the Code of 1863 (§ 4168), and was in the same language then as it is in the present Code section. This indicates that the hearing of ex parte proceedings in the Supreme Court was contemplated as far back as 1863, and, of course, the same rule would apply to the Court of Appeals. The Supreme Court before 1863 had heard and passed on ex parte matters (see *Findlay v. Whitmire*, 15 *Ga.* 334; *Glisson v. Carter*, 28 *Ga.* 516, 519; *Ex parte Burney*, 29 *Ga.* 33) ; but it seems that there was no statutory provision for doing so at that time.

■ Extra compensation and traveling expenses shall be allowed to guardians upon the same principles as to administrators.

Code, § 49-223. "An administrator required to travel out of his county in the discharge of his duty shall be allowed the amount of his actual disbursements, to be proved by his own statements under oath. The ordinary may also allow him a reasonable compensation for the time devoted to this service: Provided, under the circumstances, the ordinary adjudges such additional compensation a proper charge against the estate." § 113-2007. "In other cases of extraordinary services, extra compensation may be allowed by the ordinary, but in no case is the allowance of extra compensation by the ordinary conclusive upon the parties in interest." § 113-2008. In the administration of estates, in a proper case, fees may be allowed as extraordinary compensation for the services of an attorney at law. See *Davidson v. Story*, 106 *Ga.* 799, 801 (32 S. E. 867); *Clements v. Fletcher*, 161 *Ga.* 21 (3d), 48 (129 S. E. 846); *Reynolds v. Dorsey*, 192 *Ga.* 538 (15 S. E. 2d, 779), concerning attorney's fees for executors, to which, under the provisions of Code § 113-1101, the same rules are applicable as for guardians and administrators. Code § 113-1522 authorizes an administrator to provide competent legal counsel for the estate he represents according to the needs of the estate. Therefore, it appears that fees for the services of an attorney are legitimate expenses in the representation of an estate according to the particular facts and circumstances of each case.

■ "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." Code, § 74-105. "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him." § 74-106. "Every guardian shall be allowed all reasonable disbursements and expenses suitable to the circumstances of the ward committed to his care. The expense of maintenance and education must not exceed the annual profits of the estate, except by the approval of the ordinary previously granted. The ordinary may, in his discretion, allow the corpus of the estate, in whole or in part, to be used for the education and maintenance of the ward." § 49-202. Where minor children are involved, upon the death of the father the mother is primarily liable for their support, maintenance, and education. *Edwards v. Addison*, 187 *Ga.*

756, 759 (2 S. E. 2d, 77), *Chapin* v. *Cummings,* 191 *Ga.* 408, 412 (12 S. E. 2d, 312), *Ellis* v. *Hewitt,* 15 *Ga. App.* 693 (84 S. E. 185), and see *Swain* v. *Stewart,* 98 *Ga.* 366, 369 (3) (25 S. E. 831)., The mother of minor children would be entitled to reimbursement for expenditures made by her for their support and maintenance, or to pay directly therefor out of the separate estates of such children, *only* where it appeared that the mother was in such financial circumstances that she was unable to provide such support and maintenance and that the children's separate estates were sufficient for that purpose. *Pettigrew* v. *Williams,* 65 *Ga. App.* 576, 589 (16 S. E. 2d, 120).

■ In the present case, compensation is sought by the guardian for an effort by him, as an attorney at law and in apparent good faith, to have the order of the court of ordinary granting encroachment upon the estates of his wards modified, set aside, or vacated, and if he had been successful in showing to the court that the mother was able to support these children, under the foregoing principles of law, further encroachment upon their estates may not have been justified. In denying extra compensation to the guardian for these services as an attorney at law, the ordinary was vested with a discretion under the provisions of Code § 113-2008, that "extra compensation may be allowed by the ordinary." "May" ordinarily denotes discretion when used in a statute. Code, § 102-103. However, it appears from the agreed statement of facts between the guardian and the ordinary in the appeal to the superior court, and by the order of the court of ordinary on which the appeal to the superior court is based, that the ordinary did not exercise the discretion vested in him by law in passing on this matter, but that he predicated his decision therein upon an erroneous concept of the law, to wit: that it was not the legal duty of a mother to support her minor children, the father being dead and they having separate estates inherited from their father, although she, may have been amply able to do so.

■ The only assignment of error before this court is that the judgment of the superior court is contrary to law. Whatever the reasons for the decision of the court of ordinary, as shown in divison 4 of the opinion, this court is concerned with the judgment of the superior court on which error is assigned. On appeal

■

to the superior court the action was de novo. Code, § 6-501. While the evidence there, as indicated by the stipulation of the guardian and the ordinary, demanded a finding that the ordinary had based his decision upon an erroneous conception of law, rather than in the exercise of his discretion, a finding was not demanded that the action in the court of ordinary seeking to have the encroachment upon the estates of the wards was either necessary on the part of the guardian, or beneficial to the estates of the wards. There is nothing in the record before this court and the assignment of error to indicate that the judge of the superior court acted upon the same erroneous conception of the law as the ordinary did, and it must be assumed that he acted upon the facts presented by the action with a full knowledge of the law and with the discretion vested in him by virtue of the appeal being a de novo investigation, and by consent, he was acting as judge and jury. The superior court was vested with the same discretion in this matter that the court of ordinary had. A finding in favor of the application of the guardian for extra compensation not being demanded, under the law and facts, it cannot be held by this court that the judge of the superior court erred in denying the relief sought by the guardian on the appeal to the superior court.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I do not concur in the ruling that such an ex parte case as is here involved can be appealed from the ordinary or court of ordinary, but since the effect of the judgment is the same I concur in the judgment of affirmance. While Code § 6-916 eliminates the service of notice in ex parte cases it does not specifically authorize an appeal in such a case as this. The Supreme Court in *Findlay* v. *Whitmire*, 15 *Ga.* 334, was inclined to think that such an appeal was authorized, but it did not so rule, and if it had so ruled in that case, the ruling would have been obiter because there were adversary parties in that case. In *Burney*, administrator of Joseph Blount, dec'd., 29 *Ga.* 33, the Supreme Court expressly held that there was no provision for such an appeal. The allowance of extra compensation is not binding on parties at interest where made on ex parte petition. Code, § 113-2008. Where it is allowed ex parte, it may be re-

viewed by the superior court, not on appeal, but in a separate proceeding between adversary parties. *Gairdner* v. *Tate*, 110 *Ga.* 456 (35 S. E. 697). In every other case we have been able to find where the subject of extra compensation was involved there were adversary parties. I cannot agree that an ex parte order would be binding on a minor when he was not represented, and I think this case inferentially permits such a result. If a guardian ad litem had been appointed for the minor and there had been a trial, the case would be different.