Estate of Louvine M. Baldwin, Deceased, Charlene B. Hensley, Administratrix, Petitioner *v.* Commissioner of Internal Revenue, Respondent

Docket No. 7794–70. Filed February 12, 1973.

*R. F. Duncan*, for the petitioner.

*Frank Simmons*, for the respondent.

FAY, *Judge:* Respondent determined a deficiency in the estate tax liability of petitioner in the amount of $9,296.10. The issue is whether legal fees, court costs, and incidentals paid by the estate were incurred on behalf of the estate and are deductible by the estate as administrative expenses.

### FINDINGS OF FACT

Some of the facts have been stipulated; they are so found and incorporated herein by this reference.

Louvine M. Baldwin, a widow who resided at Suwanee, Ga. (hereinafter sometimes referred to as the decedent), died on March 21, 1966. Charlene B. Hensley is the administratrix of the estate of the decedent. At the time the petition was filed, the address of the administratrix was Greensboro, Ga.

The decedent left a document which purported to be her will. She was survived by Charlene B. Hensley, her daughter and only child. Under the terms of the purported will, the bulk of the estate was to be placed in trust with the income therefrom to be accumulated during the married life of Charlene and paid over to her only when she became widowed, either by death of her husband or by dissolution of her marriage. The purported will provided that upon the death of Charlene one-third of the estate was to be paid over to the Hopewell Christian Church and that the remainder of the estate was to be paid over to the children of Charlene and to the grandnieces and grandnephews of the decedent.

The First National Bank of Atlanta, named in the decedent's purported will as executor and trustee, declined to serve. On March 24, 1966, Charlene was then appointed temporary administratrix. Charlene, decedent's only heir at law, stood to gain personally if the purported will were held invalid. Under Georgia law, she stood to receive the entire estate if there were no will. Charlene, after being appointed temporary administratrix of the estate, did not offer the purported will for probate.

On May 9, 1966, the decedent's grandnieces and grandnephews (beneficiaries under the purported will), acting in the name of Brenda

Moore Acree, obtained counsel and offered the decedent's purported will for probate in solemn form.

On June 1, 1966, Charlene filed a caveat in opposition to probate of the purported will of the decedent, and a second caveat in opposition to the appointment of Brenda as administratrix of the decedent's estate.

Charlene obtained her own counsel to represent her in filing a caveat to the probate of the decedent's will and a caveat to the appointment of Brenda as administratrix. The terms of this employment agreement called for Charlene to pay a retainer of $2,500 against a contingent fee of 10 percent of the gross estate which she might recover.

The decedent's purported will was denied admission for probate by the Gwinnett County Court of Ordinary on July 22, 1966. On July 25, 1966, the decedent's grandnieces and grandnephews appealed the decision of the ordinary to the Gwinnett County Superior Court. In May 1967, a settlement agreement was reached between all interested parties to the purported will. The Gwinnett County Superior Court on August 21, 1967, sustained the Court of Ordinary in refusing to probate the decedent's purported will, approved the settlement agreement, and appointed Charlene as permanent administratrix of the decedent's estate.

The Settlement Agreement and Final Judgment and Decree, which incorporates the settlement agreement, constitutes the full and final order of the court in all of the litigation resulting from the two caveats filed by or on behalf of Charlene and further constitutes the full and final order of the court in all of the litigation involving the Louvine M. Baldwin Estate, other than routine administrative matters and this present proceeding.

The Gwinnett County Superior Court in its final judgment and decree ordered that the attorneys for Brenda Moore Acree, the propounder of the will, be paid the sum of $4,500 as counsel fees, plus the additional sum of $1,000 for out-of-pocket expenses in connection with their services in attempting to set up and establish the purported will of the decedent. It did not order the payment of any legal or other fees by the estate to Charlene's counsel.

The law firm representing the propounder of the purported will was paid a fee of $4,500 by the estate. This fee was claimed as a deduction on the estate tax return and has been allowed by the respondent.

Petitioner deducted as an administrative expense of the estate the $21,750 legal fees paid to Charlene's counsel plus court costs and incidentals of $604 related to the foregoing will contest. In his statutory notice of deficiency, respondent increased the decedent's gross estate to reflect the disallowance of these deductions.

OPINION

Certain concessions having been made, the remaining issue in the case at bar is whether $22,354 of legal fees, court costs, and incidentals paid by the estate were incurred on behalf of the estate and are deductible by the estate as administrative expenses.

The pertinent statute is section 2053, I.R.C. 1954.[1] The essence of that statute is that for estate tax purposes there shall be deducted from the value of the gross estate such amounts incurred for "administration expenses" which are allowable by the laws of the jurisdiction under which the estate is being administered. See *Estate of Christine Swayne*, 43 T.C. 190 (1964).[2] The statute does not define administration expenses, however. Section 20.2053–3(a),[3] Estate Tax Regs., clarifies the statute and points out that expenditures not essential to the proper settlement of the estate which are incurred for the individual benefit of the heirs, legatees, or devisees may not be taken as deductions. The regulations[4] further provide that attorney's fees incurred by beneficiaries incident to litigation of their respective interests do not constitute a proper deduction.

Whether the fees in question are proper administrative expenses is clearly a question of State law and the General Statutes of Georgia, so far as material herein, provide as follows:

Sec. 113–610, Ga. Code Ann.:

Every person having possession of a will shall file the same with the ordinary of the county having jurisdiction; and on his failure to do so, the ordinary may attach for contempt and fine and imprison the person thus withholding the paper until the same shall be delivered. * * *

---

[1] All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.

[2] Sec. 2053(a)(2) provides:

SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

.(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

* * * * * * *

(2) for administration expenses,

* * * * * * *

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

[3] Sec. 20.2053–3(a) * * * The amounts deductible from a decedent's gross estate as "administration expenses" of the first category * * * are limited to such expenses as are actually and necessarily incurred in the administration of the decedent's estate; that is, in the collection of assets, payment of debts, and distribution of property to the persons entitled to it. * * * Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commission; (2) attorney's fees; and (3) miscellaneous expenses. * * *

[4] Sec. 20.2053–3(c)(3) Attorneys' fees incurred by beneficiaries incident to litigation as to their respective interests do not constitute a proper deduction, inasmuch as expenses of this character are incurred on behalf of the beneficiaries personally and are not administration expenses.

Sec. 113–614, Ga. Code Ann.:

The right to offer a will for probate shall belong to the executor, if one is named. If the executor is dead, nonresident, or refuses to act, or none is named, any person interested may offer the will for probate. * * *

Sec. 113–1522, Ga. Code Ann.:

An administrator is authorized to provide for the estate competent legal counsel, according to the needs of the estate he represents. * * *

Under the Georgia law, an administrator may recover from the estate a reasonable attorney's fee for *offering* the decedent's will for probate. See *Davison* v. *Sibley*, 140 Ga. 707, 79 S.E. 855 (1913). However, the question we are faced with is whether Georgia law considers it to be an administrative expense of the estate when legal counsel is employed to *resist* probate of a purported will.

In the present case, Charlene at the time of the will contest was serving as a temporary administratrix. Her powers in this capacity were limited.[5] She refused to probate the decedent's will, which was offered for probate by beneficiaries under the will. Charlene then incurred expenses in resisting probate of the will. There is very clear Georgia State law which finds that the temporary administratrix cannot bind the estate by a contract to pay fees to resist the setting up of a will. See *Lester* v. *Mathews*, 56 Ga. 655 (1876); *Pharr* v. *McDonald*, 180 Ga. 777, 180 S.E. 844, 846 (1935).

Charlene argues the above cases are inapplicable to her situation for she was not acting as an administratrix in resisting the will. She contends that she acted as an interested party, not interested in litigating her own rights but interested only in protecting the estate and keeping it from being distributed to persons not entitled thereto. She claims that as an interested party it was her duty to take the proper action to benefit the estate and the estate is responsible for the burden of the costs resulting from this action.

We recognize that simply because a personal interest coincides with another duty this does not, ipso facto, render the legal fee incurred in performing that duty a personal expense, see *Estate of Christine Swayne*, *supra* at 200, and that fees for the services of an attorney at law are legitimate expenses in the representation of an estate according to the particular facts and circumstances of each case, *Whitehurst* v. *Singletary*, 77 Ga. App. 811, 50 S.E. 2d 80 (1948). However, based on the particular facts and circumstances of this case, wo do not believe that Georgia State law requires the petitioner estate to treat the legal fees incurred by Charlene as administrative expenses.

---

[5] Sec. 113–1207, Ga. Code Ann.:

The ordinary may at any time grant temporary letters of administration upon any unrepresented estate, for the purpose of collecting and taking care of the effects of the deceased, to continue and have effect until permanent letters are granted; and from the order granting temporary letters there shall be no appeal. * * *

Charlene, as the only child and heir at law of the decedent, stood to inherit the estate if the purported will was found invalid. Under such circumstances, we find it hard to distinguish Charlene's actions as an interested party from her actions as a sole beneficiary interested in establishing her beneficial interest. Clearly her actions resulted primarily in a benefit to herself. Such actions cannot give rise to fees which are considered proper expenses of administration. In *Lester* v. *Mathews, supra* at 661, the court, after rejecting petitioner's argument that the administratrix could contract to pay legal fees to resist a will, considered the petitioner's alternative argument that part of those same fees must be considered a debt of the estate because they were "expenses of administration." In rejecting this argument, the court commented "We do not think such a fee [is] embraced in the meaning of these words."

That logic is certainly applicable to the case at bar. Charlene's actions did not assist in the administration of the estate. They in fact complicated effective administration.

To hold otherwise in this case would be to controvert Georgia law. According to Georgia Code section 113–610, Charlene was under a duty to file the will for probate. She refrained from that duty and forced an interested party to assume her responsibilities. Were we to allow her legal fees as an administrative expense, the net estate after taxes would increase, as would her proportionate share of that net estate. The effect would be a reward for her failure to comply with her responsibilities under Georgia law.

Petitioner's reliance on *Sussman* v. *United States*, 236 F. Supp. 507 (E.D. N.Y. 1962), is misplaced. That case, which allowed an estate to deduct the legal expenses of decedent's daughter which were incurred by the daughter in successfully resisting decedent's will, is clearly distinguishable. In that case, the District Court was faced with an order from the New York surrogate directing that the fees be paid by the estate. Since New York law was unclear as to whether the surrogate had the power to charge the fee to the estate, the District Court held that the surrogate's order constituted an interpretation by a New York court that such a payment by the estate was permissible under New York law. "[The order] could not but be based on the surrogate's satisfaction that the contestant's counsel were benefiting the estate enough to warrant the course taken." *Sussman* v. *United States, supra* at 510.

In the case at bar, there is no similar order from a Georgia court directing that the fees in question be paid by the estate. Furthermore, Georgia law is clear that such an expense is not for the benefit of the estate and not an expense of administration.

*Decision will be entered under Rule 50.*