## 42656. HUDSON v. ABERCROMBIE.
### (338 SE2d 667)

SMITH, Justice.

Mrs. Robert Abercrombie, appellee and executrix under the will of Mrs. Genevieve Russell, sought to probate Mrs. Russell's will in the Probate Court of Douglas County. Upon the caveat of the appellant, Claude Hudson, the parties agreed to transfer the matter to the Superior Court of Douglas County. The appellant contests the superior court's grant of the appellee's motion for summary judgment. We reverse.

Mrs. Russell and her best friend, Mrs. Melzer, shared ownership of a duplex in Douglasville. Mrs. Russell originally intended to leave her share of the duplex, and the bulk of her estate, to Mrs. Melzer. Mrs. Melzer, though, predeceased Mrs. Russell. Mr. Hudson testified that upon Mrs. Melzer's death, Abercrombie, the Probate Judge of Douglas County and a friend of Mrs. Russell, suggested to Mrs. Rus-

sell that she change her will. Abercrombie testified that Mrs. Russell decided on her own that her will should be changed.

When Mrs. Russell asked Abercrombie to draft her new will, he suggested that she see a lawyer. When she reiterated her request, he agreed to write the will. She gave him a list of bequests to include in the will. According to Abercrombie, she then verbally directed him to have equal shares of the interest in the duplex and the residue pass to him, to Claude Hudson, Mrs. Russell's nephew, and to Mrs. G. L. Roberts, Mrs. Russell's grandniece. Abercrombie then had his clerk type up the will, which Mrs. Russell later signed.

Abercrombie also testified that Mrs. Russell subsequently asked him to change the will to leave her interest in the duplex and the entire residue to his son, Claude J. Abercrombie, and himself in equal shares. He made the change, deleting Claude Hudson and Mrs. Roberts from any interest in the residue or the duplex. Mrs. Abercrombie sought to propound the will as changed. Abercrombie stated that he told Mr. Hudson that the will had been changed a second time well before Mrs. Russell died. Mr. Hudson testified that Abercrombie first told him that the will had been changed again immediately prior to Mrs. Russell's funeral.

"Where a person obtaining a substantial benefit under a will occupies a confidential relationship toward the maker of the will and is not a natural object of the maker's bounty, a presumption of undue influence arises if it is shown that the will was made at the request of such person. [Cits.]" *Bryan v. Norton*, 245 Ga. 347, 348 (265 SE2d 282) (1980). "This presumption being one of fact and not law, it is for the jury to say . . . whether undue influence has been exercised. *Watford v. Forester*, 66 Ga. 738 (1881)." Id. at 349. Of course, on appeal, we construe the evidence in favor of the party opposing the motion for summary judgment, here, the appellant.

Abercrombie certainly was not a natural object of Mrs. Russell's bounty, and he definitely received a substantial benefit under the will. Mrs. Russell's rejection of Abercrombie's suggestion that she find a lawyer, and her subsequent reliance upon his actions in drafting her will, constitute evidence of a confidential relationship. Mr. Hudson also produced some evidence that Abercrombie suggested that Mrs. Russell have the will that initially gave him an interest in the duplex and the residue prepared. Abercrombie's testimony that Mrs. Russell subsequently requested him to draft another will does not remove the presumption, particularly in light of the fact that his interest was increased upon redraft of the will. The trial court should have denied the appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

*Hartley, Rowe & Fowler, G. Michael Hartley,* for appellant.
*David H. Gambrell, Donald B. Howe, Jr.,* for appellee.