45639, 46190, 46191. HUDSON v. ABERCROMBIE (three cases).
(374 SE2d 83)

CLARKE, Presiding Justice.

These are the second and third appeals in this court of matters concerning the estate of Mrs. Genevieve Russell. The facts are fully set out in *Hudson v. Abercrombie*, 255 Ga. 376 (338 SE2d 667) (1986). Briefly, Mrs. Russell, the testatrix, died in November 1983. Robert F. Abercrombie, probate judge of Douglas County, had prepared a will for Mrs. Russell which was executed March 29, 1983, and a second will executed April 29, 1983. Judge Abercrombie was a beneficiary under both wills, and his wife was the executrix under each. Mrs. Abercrombie, as executrix under the April 29, 1983 will, sought to probate the will in the Probate Court of Douglas County. After a caveat to the will was filed by appellant, Claude Hudson, the matter was transferred to the Superior Court of Douglas County, which granted summary judgment to Mrs. Abercrombie. We reversed in *Hudson v. Abercrombie*, supra, finding that questions of fact concerning undue influence of Judge Abercrombie remained for a jury. In November 1986, a jury returned a "no will" verdict on the basis of undue influence as to the April 1983, will.

Sometime in 1984 Mrs. Abercrombie was appointed temporary administratrix, and in Case No. 45639 caveator seeks to have her replaced, insisting that the appointment was made via an ex parte order after Judge Abercrombie, who was obviously disqualified, had transferred the case to superior court. The caveator alleges that this appointment has allowed Judge Abercrombie to control the estate through his wife. The issue of Mrs. Abercrombie's position as temporary administratrix is now moot in that Mrs. Abercrombie has removed herself as temporary administratrix, and the court has appointed a receiver.

Judge Abercrombie, deposed by the caveator in February 1984, testified to the existence of certificates of deposit in his name and that of Mrs. Russell totaling approximately $225,000. According to the caveator, this amount has dwindled to $130,000 because of Judge Abercrombie's spending money for his own benefit. An action has been filed in federal court against Judge Abercrombie for conversion of these funds and as "executor de son tort."

On January 15, 1987, Mrs. Abercrombie filed a motion in the superior court seeking compensation for her services as temporary administratrix and attorney fees. On August 25, 1987, following a hearing, the superior court found that Mrs. Abercrombie had proceeded in good faith in seeking to probate the April 29, 1983 will and awarded her attorney fees, reserving ruling on the amount. In January 1988, the Douglas County Superior Court granted her compensation of $4,851 for her services as temporary administratrix and attorney fees

of $60,000. However, the court ruled that the amount should not exceed ⅓ of the gross amount of assets recovered as part of the estate.

In July 1988, the superior court appointed a receiver for the estate to prosecute the application for probate of the will of March 29, 1988. This same order relieved Mrs. Abercrombie and her attorneys of all further responsibility.

The appeal in Case No. 45639 is from the January 14, 1988, order granting the fees and failing to remove Mrs. Abercrombie and her attorney from representation of the estate and from a March 1986, order denying the caveator's petition to remove Mrs. Abercrombie as temporary administrator. The issues in Case Nos. 46190 and 46191 are whether the court erred in appointing a receiver after Mrs. Abercrombie stepped down and whether the court erred in refusing to appoint the caveator as administrator.

1. The issue of whether Mrs. Abercrombie should be removed as temporary administratrix is now moot.

2. The first question to be decided is whether Mrs. Abercrombie is entitled to a fee for her services as temporary administratrix and whether attorney fees should be paid to her attorneys out of the estate.

a. The caveator, Claude Hudson, appellant here, insists that he was entitled to a jury trial on the issue of attorney fees. He cites several cases as authority for the proposition that in a de novo appeal to the superior court from the probate court a jury trial is authorized as to all issues under OCGA § .5-3-29. However, the cases brought to our attention hold only that on appeal to the superior court all issues which would have originally been heard by a jury may be heard de novo by a jury. The right to a jury trial under the Georgia Constitution, Art. I, Sec. I, Par. XI, has been interpreted as applying to those cases in which the right existed when the Constitution of 1798 was adopted. *Williams v. Overstreet*, 230 Ga. 112 (195 SE2d 906) (1973); *Flint River Steamboat Co. v. Foster*, 5 Ga. 194 (1848). Since attorney fees were not allowable at common law, *Money v. Thompson & Green Machinery Co.*, 155 Ga. App. 566 (271 SE2d 699) (1980), there is no constitutional right to a jury trial on the issue of attorney fees. Therefore, unless there is a statutory right to have attorney fees determined by a jury, the award of attorney fees is within the discretion of the court. Respondent is not entitled to a jury trial of a motion for attorney fees and fees for a temporary administratrix.

b. We turn to the question of Mrs. Abercrombie's entitlement to have her attorney fees paid out of the estate. Appellee insists that the court properly awarded attorney fees and compensation to Mrs. Abercrombie under OCGA § 53-3-23, which provides that the probate court may award expenses to an executor for the probate of a will even if the will is not ultimately admitted to probate as long as the

expenses are incurred in good faith. OCGA § 53-7-10 provides that *either* an executor or administrator may obtain competent legal counsel for the estate and may by petitioning the probate court obtain a judgment for fees and expenses. The section further provides that this is appealable as in other cases. *Sauls v. Estate of Avant*, 143 Ga. App. 469 (238 SE2d 564) (1977), construed the good faith requirement of OCGA § 53-3-23 to preclude an award in the event it is established that the will has been procured by undue influence or fraud. In a similar vein, this court in *Ross v. Battle*, 113 Ga. 742 (39 SE 287) (1901), found that in an accounting between the heirs and the administrator the administrator could not lawfully charge against the estate costs of litigation brought on by his own fault or misconduct. See also *Armstrong v. Boyd*, 140 Ga. 710 (79 SE 780) (1913), in which the court considered the administrator's expenses in defending a suit to remove him. The court found that the allowance of legal fees depended upon the outcome of the challenge. See also *Clements v. Fletcher*, 161 Ga. 21 (129 SE 846) (1925). Thus good faith is necessary for the administrator as well as the executor who seeks to bind the estate for attorney fees.

Bearing in mind these limitations on the power of the executor·or administrator to charge the estate for legal fees, we turn to a consideration of the power of the *temporary administrator* to bind the estate. In *Lester v. Mathews*, 56 Ga. 655 (1876), this court discussed the powers of the temporary administrator as conferred by §§ 2487, 2489 (present OCGA §§ 56-6-34; 53-6-35), and concluded that the statutes conferred upon the temporary administrator only the power to collect and preserve the assets of the estate.

> Of course he may employ counsel, if necessary, to collect the effects and so to take care of them, to keep them from strangers. . . .Section 2489 of the Code [present OCGA § 53-6-35] is stronger still, if possible. . . .Pending an issue of *devisavit vel non*, that section says temporary letters may be granted unless the will has been proven in common form. Granted, for what purpose? To fight the will? To contract to pay large fees to overthrow the will? Hardly, we think; but simply to collect and preserve the property until it is settled by law under what rules that property shall be administered. We think, therefore, that the temporary administrator could not legally make a contract for fees to bind the estate in the case at bar.

Id. at 659-60.

In *Pharr v. McDonald*, 180 Ga. 777 (180 SE 844) (1935), this court found that the temporary administrator's ". . .business is to

collect and take care of the effects of the estate of the deceased until permanent letters are granted, but he has no authority to involve the estate by employing counsel for or against the will." Id. at 781. The court went on to find that this did not preclude the temporary administratrix's employing counsel to represent her in the performance of her authorized duties.

Mrs. Abercrombie's claim for attorney fees involves services rendered to Mrs. Abercrombie in her capacity as propounder of the will and in her capacity as temporary administratrix. As stated above, a propounder's entitlement to attorney fees depends upon good faith action on the part of the propounder. The failure of the will because of undue influence exerted by Judge Abercrombie raises the question of whether his lack of good faith is imputed to Mrs. Abercrombie. A review of all of the circumstances surrounding the relationship of the parties and their various joint actions leads to the inescapable conclusion that the actions of Judge and Mrs. Abercrombie were so closely intertwined that lack of good faith on the part of Judge Abercrombie necessarily tainted the actions of Mrs. Abercrombie. In reaching this conclusion we considered the marital relationship of the parties and the fact that Mrs. Abercrombie was employed as the clerk of Judge Abercrombie's court. We also considered the fact that Judge Abercrombie was the scrivener of the will naming Mrs. Abercrombie as executrix. Therefore, we hold that the trial court's approval of Mrs. Abercrombie's claim for attorney fees incurred in the probate of the will was in error.

The second capacity in which Mrs. Abercrombie claims attorney fees is as temporary administratrix. In this capacity, her claim must be limited to legal services rendered in aid of her duly authorized activities as temporary administratrix. We therefore hold that Mrs. Abercrombie's right to attorney fees may not extend beyond fees for such services as may have been necessary to assist her in the securing of temporary letters of administration and the collection and preservation of the assets of the estate. The record indicates a substantial portion of the attorney fee claim relates to certain lawsuits against Judge and Mrs. Abercrombie in the federal courts. We have not been shown that these law suits are connected with the collection and preservation of the estate so as to authorize a payment of fees from the assets of the estate.

Having found no right to attorney fees for the propounding of the will or for the expense of the federal law suits, we remand the question of attorney fees to the trial court for a determination of reasonable administratrix fees and fees for services performed in assisting Mrs. Abercrombie in her application for appointment as temporary administratrix and in collecting and conserving the estate during her time of service as temporary administratrix.

3. The only question for consideration in Case Nos. 46190 and 46191 is whether the trial court erred in appointing a receiver. The appointment of a receiver rests within the discretion of the court. The decision of the court will not be disturbed in the absence of an abuse of this discretion. *Anthony v. Anthony*, 237 Ga. 872 (230 SE2d 752) (1976). Because of the finding that the court did not err in appointing a receiver, we need not consider whether the court erred in not appointing caveator as permanent administrator.

*Judgment affirmed in part, reversed in part, and case remanded with direction in 45639. Judgment affirmed in 46190, 46191. All the Justices concur.*

DECIDED DECEMBER 1, 1988.

*Hartley, Roe & Fowler, G. Michael Hartley, Elizabeth Geoffroy,* for appellant.

*Howe, Sutton & Dettmering, Donald B. Howe, Gambrell, Clarke, Anderson & Stolz, David H. Gambrell, Nancy E. Gordon, Coney & Winn, Suzan G. Littlefield,* for appellee.